## Anderson v. Commonwealth.

(Decided February 7, 1922.)

### Appeal from Daviess Circuit Court.

1. Robbery—Evidence—Instructions.—Upon the trial of appellant for robbery, while the form of the instruction is subject to some criticism, appellant defended upon the ground that he was not present at the place of the robbery. The preponderance of the evidence being against him he was not prejudiced by the form of the instruction even if it were erroneous.

2. Criminal Law—Accessory After the Fact—Evidence.—Although a witness in a trial for robbery may have been guilty in connection with the hiding of the stolen property, yet he was competent witness for the prosecution under the rule which allows a conviction, without corroboration, on the evidence of an accessory after the fact.

3.  Criminal Law—Instructions.—Every instruction given must be predicated upon an issue sustained by the evidence.
4.  Criminal Law—Directing Verdict.—The motion for a directed verdict was properly overruled as it appears the jury was fully justified under the evidence in arriving at defendant's guilt.

LOUIS I. IGLEHART for appellant.

CHAS. I. DAWSON, Attorney General, and CHAS. W. LOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The indictment in this case accuses appellant, Rush Anderson, and three other men of the crime of robbery, committed by going to the home of Tilden Jones in Daviess county on the night of January 1, 1921, and, after covering Jones with a pistol and flashlight, requiring him to stand back while they entered his cellar and took therefrom, against his will, twelve cases of bottled in bond whiskey. Appellant Anderson pleaded not guilty to the indictment, and on trial testified that he was not present at the time of the robbery, but that he later in the night met the real culprits who invited him to take a ride in their automobile in which the whiskey was carried, and that he entered said automobile and was riding with them before he knew of the robbery, or that the stolen whiskey was being carried in the car. He was found guilty by the jury and his punishment fixed at three years' confinement in the state penitentiary. From a judgment entered on that verdict he appeals to this court for a reversal of the judgment, assigning the six following reasons:

(1)  The court erred in instruction No. 1 on the subject of aiding and abetting the commission of the crime of robbery.

(2)  The court erred in the second instruction on the subject of grand larceny.

(3)  The court erred in its instruction No. 4 on the subject of accomplices.

(4)  The court failed to instruct the jury on the whole law of the case.

(5)  The court erred in rejecting competent, material evidence offered by appellant.

(6)  The court erred in overruling appellant's motion for a directed verdict in his favor at the conclusion of the evidence for the Commonwealth.

1. Instruction No. 1, of which complaint is made, is not in the usual and approved form generally employed by trial courts in instructing juries as to the law affecting aiders and abettors in felony cases, but we do not think this error, if error it be, was prejudicial to the substantial rights of the appellant, Anderson. His defense, it must be remembered was alibi. He claims that he was not present at the time of the robbery and only accidentally fell in with the other defendants at a later hour. If he was not present at the time of the robbery the jury should have found him not guilty, but the evidence, it appears to the court, is overwhelmingly against him on this point, and the jury from that evidence reached the conclusion that Anderson was present at the time of the robbery, and aided, abetted and assisted therein. He could not, however, be guilty of the crime charged in the indictment, even though he was present, aiding and abetting the other defendants, unless he knew of their felonious intention, and with that knowledge aided and abetted them, or himself possessed the felonious intention of taking away the whiskey against the will of Jones, in whose possession it was. Instruction No. 1 in substance told the jury that if it believed from the evidence beyond a reasonable doubt that the defendants, Goodwin, Cranor and Aldridge, or either of them, in Daviess county and before the finding of the indictment, "did feloniously and by force, or by putting Tilden Jones in fear, steal and carry away from said Jones against his will and consent, said whiskey, with the fraudulent and felonious intent then and there to convert same to their own use, or to the use of either one of them, and to permanently deprive said Jones and Herr of their property therein," and that the defendant, Rush Anderson, was then and there present, acting jointly with the other defendants, or either one of them, aiding assisting, and counselling or abetting the others, or any one of them, in so forcibly and feloniously taking said whiskey, the jury should find him guilty. The form of the instruction could have been better, but as appellant Anderson defended upon the ground that he was not at the place of the robbery, and not upon the ground that he was there but not a wilful and felonious participant in the crime, his substantial rights were not prejudiced by the instruction even if it was erroneous. The foregoing instruction is all in one sentence, and the court directed the jury to find the defendant, Anderson,

guilty of the crime charged in the indictment, only in case it believed from the evidence beyond a reasonable doubt that the whiskey was taken by Goodwin, Cranor and Aldridge, feloniously and with force, and defendant Anderson was then and there present, acting with them, aiding, assisting, counseling and abetting them, or one or more of them, *in so taking said whiskey*. The expression "in so taking said whiskey" relates to the manner in which Goodwin, Cranor and Aldridge took the whiskey, and if that was done "feloniously and by force" Anderson was equally guilty with them. While we cannot give our full approval to this manner of instructing a jury upon the law relating to aiders and abettors, we are constrained to the opinion that appellant Anderson was not prejudiced in the slightest by the foregoing instruction.

2.    The second instruction is subject to the same criticism as the first, but, if erroneous, was not prejudicial to the rights of appellant Anderson.

3.    The fourth instruction, of which complaint is made, reads as follows:

"A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof."

The ground of objection to this instruction is that it presupposes that but one accomplice testified against appellant. From the evidence we are of the opinion that but one accomplice, Elbert Cranor, testified against appellant Anderson. He contends, however, that Berry Tichenor was also an accomplice. Tichenor was allowed to testify, but we do not think he was an accomplice. The regular occupation of Tichenor was that of driver of a taxi cab. He knew nothing at all of the robbery, which occurred about eight o'clock at night, until long after it had happened. About eight o'clock on the night of the robbery he started on a journey with a passenger to a neighboring town. Having delivered his passenger at his destination he was returning to Owensboro when he was intercepted at a cross-road by appellant Anderson, and requested by Anderson to go with him to a certain coal house at the rear of a brick country church, and there receive and haul for Anderson a quantity of liquor. This Tichenor, after protest, consented to do, but he did not

know at that time, nor until after he had hauled the liquor, that it had been stolen. The next night Tichenor, at the request of three other persons, confederates of the robbers, pointed out the hiding place of the liquor, and the three confederates took the liquor, or at least a part of it, and carried it away, but Tichenor had nothing whatever to do with the taking or disposal of the liquor. But granting for the sake of argument that Tichenor was an accomplice of Anderson, he was yet a proper witness under a well recognized rule which allows a conviction without corroboration on the evidence of an accessory after the fact. If Tichenor was connected with the crime at all it was in hiding the stolen whiskey, and he would, therefore, be merely an accessory after the fact. Tichenor's evidence was not controlled by section 241 of the Criminal Code. We held in the case of Elmendorf v. Commonwealth, 171 Ky. 421, that the evidence of an accessory after the fact was not governed by said section of the Criminal Code. In the Elmendorf case the alleged accessory had destroyed a cap which, it was alleged, was important evidence against the defendant, and we said: "It is insisted that because he burned the cap, which he says appellant threw into his door, that he was thereby assisting appellant in the commission of the crime and was an accomplice. This occurred after the crime was committed, and if it be conceded that Malone destroyed the cap for the purpose of concealing material evidence against appellant and to assist him in evading the punishment of the law, it was an act of an accessory after the fact. It has been expressly held by this court that an accessory after the fact is not an accomplice within the meaning of section 241 of the Criminal Code. Levering v. Com., *supra*. If there is not some evidence conducing to show that a witness is an accomplice it is not proper to submit the question as to whether he is an accomplice to the jury, nor to give the instruction provided for in section 241 of the Criminal Code. Hence, there was no error in failing to give an instruction upon the subject in the instant case."

4. It is insisted by appellant that the lower court should have instructed the jury on the law relating to the crime of receiving stolen property, and should have given an instruction touching the question as to whether or not appellant was an accessory after the fact. We cannot agree with this insistence. Every instruction

given must be predicated upon an issue sustained by evidence. The instructions given by the court fully cover the law of the case.

5. Appellant argues that his substantial rights were prejudiced by the rejection of material evidence offered in his behalf on the trial. This rejected evidence relates to what Tichenor did with respect to the whiskey after it had been stolen. It is insisted that this evidence should have gone to the jury to prove that Tichenor was an accomplice, which, if true, would have put his evidence under the rule of section 241 of the Criminal Code concerning accomplices, and would have, therefore, materially weakened the evidence of Tichenor. As we have already pointed out that Tichenor was merely an accessory after the fact, if indeed an accessory at all, and that his evidence would not be controlled or affected by said section of the Criminal Code, the rejection of the evidence, complained of by appellant, was wholly unimportant.

6. It is hardly worth while for us to comment upon the evidence in order to show that it would have been gross error on the part of the trial court to have sustained appellant's motion for a directed verdict in his favor at the conclusion of the evidence for the Commonwealth. Jones, the man from whom the whiskey was taken, testified concerning the robbery and said that he recognized but one of the robbers, but that he saw four men, two of whom came into the house, covered him with a pistol and a flashlight, while the other two remained at the edge of his porch at a convenient place to give aid and assistance to those who were actually forcing him to yield up his property; that after they went into the cellar he saw the other two men and they helped to carry away the whiskey. Cranor, one of the robbers, tells the whole story, implicating appellant Anderson in it all. Tichenor was hailed by Anderson on the road from the place of the robbery to Owensboro only a very short time after the commission of the crime, and Anderson then asked Tichenor to haul part of the loot to Owensboro. This occurred so soon after the robbery that it is hard to believe that appellant Anderson had done more than go from the place of the robbery to the church where the whiskey was unloaded, and then walk back down to the road intersection, where he expected Tichenor to pass with his taxi on his way back to Owensboro. Anderson acknowl-

edges that he fell in with the highwaymen and took part of the loot. As soon as the crime became known appellant Anderson fled the country and was later arrested in a foreign state. After reading the record we cannot doubt that any jury not only would have found appellant Anderson guilty, but would have been fully justified by the evidence in so doing. We, therefore, hold that the trial court properly overruled appellant's motion for a directed verdict in his favor.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.