## Meredith v. Commonwealth.

(Decided February 25, 1927.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—Testimony Giving Substantially all Accused's Conversation with Witness Out of Court, Confessing Robbery, Held Competent.—In prosecution for robbery, witness' testimony giving,

in substance, accused's whole conversation with her on subject of robbery, out of court, in which he confessed robbery, held competent, even though witness said that she did not remember everything that might have been said on that occasion upon other subjects.

2. Criminal Law—Where, Under Evidence, Accused was Guilty of Robbery or Nothing, Failure to Instruct on Larceny and Assault and Battery Held Not Error.—Where accused's only defense was an alibi and under evidence he was either guilty of robbery or nothing, failure to instruct on larceny and assault and battery as being elements in crime of robbery held not error.

3. Robbery—Evidence in Robbery Prosecution Held Sufficient to go to Jury.—In prosecution for robbery, in which only direct evidence that accused committed the crime was that of young woman to whom he had stated that he had committed the robbery, evidence held sufficient to go to jury.

W. W. KIRTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was charged by indictment with the robbery of Edgar Long, a street car motorman, and upon his trial was found guilty and sentenced to two years' imprisonment.

On this appeal he is relying for a reversal upon two alleged errors of the trial court, to-wit: (1) The erroneous admission of the only evidence tending to connect him with the commission of the crime; and that such evidence being incompetent, he was entitled to a directed verdict of not guilty; (2) that the court erred to his prejudice in refusing to instruct on the whole law of the case.

On a night in May, 1926, Edgar Long, a motorman on one of the street cars in Owensboro, was returning to the city from the end of his run out in the suburbs. At a railroad crossing he had orders always to stop to see whether any trains were approaching. Upon reaching the railroad track shortly before eleven o'clock at night, he stopped his car and opened the door to look for trains, and when he did so a man standing just on the outside of the door, with a handkerchief tied over the lower part of his face, presented a pistol at him and demanded that

he throw up his hands; the demandant then stepped into the car, pressed his weapon against the motorman, took the money from the change box or receptacle where it was kept, and in addition went through the motorman's pockets and relieved him in all of about $24.00 in cash and about $2.75 worth of unsold street car checks. Of the money so taken $7.00 was in one dollar bills, two silver dollars, and the balance in small change of nickles, dimes, quarters and halves. $11.00 of the money belonged to Long himself, and the remainder to the receiver of the street car company. The motorman testifies that the change so taken made a considerable bulk, and could not have been held in one man's hand.

The motorman was unable to identify appellant as the man who robbed him, saying that the mask around his face prevented such identification, and there is in fact no direct evidence that appellant committed the crime except his alleged statement to a young woman made a week or two thereafter, and the statement of the young woman is only remotely corroborated by other evidence hereafter to be stated.

The only direct evidence that appellant committed this crime is given by a young married woman, 17 years of age. She testifies that a week or ten days after the robbery she met appellant at a park in or near Owensboro, and that they remained there an hour or so together; that in the progress of their conversation they got to talking about the street car robbery and he told her that he robbed the street car, and that as he got on the car he put a handkerchief over his face, and that he got the money out of the motorman's pockets and got the money off of the car. It appears that she and appellant had known each other for some three or four years, and for at least a part of that time had been upon very intimate terms. When they separated that night they made an engagement to meet two nights thereafter, but for some reason they did not. However, some few days thereafter she met him on or near the railroad and he was in company with another girl, and she some time later inadvertently, and without purpose to cause trouble, as she says, told some other persons what he told her. The only corroboration of this testimony of hers is the statement of the motorman that the man who robbed him was something near appellant's size, and the statement

of two other witnesses that upon the night of the robbery, and about one o'clock, when a train left for Louisville, two boys appeared at the railroad station and bought tickets for Louisville and paid for the tickets in small change, and that one of these boys was about appellant's size, and one of them seemed to have a handful of change.

Appellant's defense was an *alibi,* and he himself and two witnesses introduced by him—a man and his wife—testified that he came to their home early on the night of the robbery and remained there all night. But in rebuttal the commonwealth successfully attacked the character of these two witnesses.

But appellant says that the evidence of this witness giving appellant's confession out of court is incompetent because there is nothing in her evidence to show that she remembered all of the conversation or the substance of it all on that subject, and relies upon the rule laid down in Berry v. Com., 10 Bush 15. That case does hold that where a witness is called to prove a confession of the defendant but says he does not remember all the conversation, and that a great many things were said in it which he did not remember, or fails to state that he remembers the substance of all that was said at the time on the subject, the evidence is incompetent. But in this case the witness told the circumstances under which the confession was made, and told the circumstances detailed by the defendant in that conversation; that he had robbed the street car, that he had put a handkerchief over his face, that he had gotten the money out of the motorman's pockets, and that he had gotten the money out of the change box. In addition she says that he told her how much money he had gotten, "but I don't remember how much he got," evidently meaning she did not remember how much he said he had gotten. The chief part of her answer was in response to a question from the commonwealth asking her to "tell the jury what he said to you about that *and all he said to you,"* and in answer to that she detailed the evidence as above given, except as to the amount of the money. On cross-examination she was asked this question: "What else was said out there that night? Was that all on that night?" And she answered, "Yes, sir." "Wasn't something else said out there?" "Not that I remember."

After giving this evidence she did say on cross-examination that she did not remember all the things that were said upon that occasion; but clearly she had reference to conversations on other subjects, for she had already stated above that nothing else was said on that subject.

As we interpret her testimony it was to the effect that she had given the substance of the whole conversation on the subject of the robbery, but that she did not remember everything that might have been said upon that occasion on other subjects. It is manifest, therefore, that the rule laid down in the case cited and in Roberson's Criminal Law does not apply to the facts here given, and that the evidence was competent.

As we understand the contention it is that appellant was entitled to the directed verdict because the only evidence of his participation in this crime was incompetent for the reason stated, and not that the evidence was insufficient to authorize a submission to the jury if it was competent.

But it is said for appellant that the court did not give the whole law of the case, and should have instructed on larceny and assault and battery, they each being elements in the crime of robbery. Appellant's only defense was an *alibi,* and under the evidence he was either guilty of robbery or nothing, and there was no evidence authorizing the giving of any instruction other than the ones given.

It may be admitted that the evidence is not entirely satisfactory, but it can not be said that it did not authorize a submission of the case to the jury, or that it is flagrantly against the evidence.

Judgment affirmed.