## Harris v. Commonwealth.

(Decided March 15, 1927)

### Appeal from Harlan Circuit Court

1. Indictment and Information—Jury is Not Authorized to Acquit Defendant, Though Evidence Does Not Show Deceased Died from Gunshot Wound Inflicted by Defendant (Ky. Stats., Sections 1166, 1242).—Where evidence does not warrant jury in believing that deceased came to his death by gunshot wound inflicted by defendant, they would not be authorized to acquit him, since defendant would then be guilty of malicious shooting and wounding under Ky. Stats., section 1166, or shooting and wounding in sudden affray under section 1242.

2. Criminal Law—Trial Court's Failure to Instruct on Lesser Degree of Offence, Charged or Included Within that Charged When Authorized by Evidence, is Error.—Where evidence authorized it, it is error on part of trial court to fail to instruct on any of lesser degrees of offence charged in indictment or any offence included within that charged.

3. Homicide—Trial Court's Failure to Charge on Malicious Shooting and Wounding in Sudden Affray Held Error Under Evidence Establishing Death was Not Result of Wound Inflicted (Criminal Code of Practice, Sections 262-264; Ky. Stats., Sections 1166, 1242).—Under Criminal Code of Practice, sections 262-264, authorizing finding defendant guilty of any degree of offence not higher than that charged, trial court's failure, in murder prosecution, to charge on malicious shooting and wounding under Ky. Stats., section 1166, or of shooting and wounding in sudden affray under section 1242, held erroneous under evidence tending to establish that deceased died from independent cause rather than from wounds inflicted by defendant.

CHARLES B. SPICER for appellant.

F. E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Tried under an indictment which charged him with
murder, appellant, McKinley Harris, was found guilty
of manslaughter and his punishment was fixed at confine-
ment in the state penitentiary for 21 years. He pro-
secutes this appeal from the judgment of that court so
convicting him.

But one reason assigned for a reversal of the judg-
ment appealed from possesses sufficient merit to require
its consideration. McKinley Harris shot and wounded
Harve Pace on November 30, 1925. The latter did not die
until the 18th day of February, 1926, two months and eigh-
teen days after he was wounded. The evidence estab-
lishes that the shot struck deceased in the abdomen and
inflicted no wound upon his lungs. No witness for the
commonwealth, except a brother of deceased, testified
that he died as a result of the wound. It was developed
for defendant upon the cross-examination of that witness
that his brother, after being wounded, was taken to a hos-
pital; was confined there for some time; left the hospital;
was out for a short while and then returned to the hos-
pital, where he died; and that before his death there de-
veloped an abscess on one of his lungs. No physician who
treated or administered to deceased was introduced as
a witness for the commonwealth. The defendant intro-
duced as a witness the physician who owns the hospital
where deceased was treated. He was asked to state the
cause of his death and replied: "I think the immediate
cause of his death was a lung abscess." He further testi-
fied that deceased's lungs were not injured by the shot
which appellant fired which wounded him. He then tes-
tified on cross-examination as follows:

"Q. What, in your opinion, caused that abscess?
A. He got inflammation in his lungs from some
source. Q. What do you think caused that? A.
Well, I think it most likely that the gunshot wound
lowered his power of resistance and would be most
likely to cause it. I trace it to the gunshot wound, in
my opinion."

No other evidence tending to establish that de-
ceased's death resulted from the wound inflicted upon
him by appellant is to be found in the record.

Under these facts, appellant cites and relies upon this court's opinion in Lewis v. Commonwealth, 19 Ky. L. R. 1139, in support of his contention that the court erred in not instructing the jury that if they had a reasonable doubt from the evidence whether deceased, Harve Pace, came to his death by gunshot inflicted by the defendant or from the natural cause of the abscess on the lung they should acquit the defendant. That contention, of course, can not be sustained. Although the jury might have had a reasonable doubt from the evidence whether deceased's death resulted from the wound inflicted upon him by appellant they would not have been authorized to acquit him, because in that state of case appellant could have been guilty of malicious shooting and wounding as denounced by section 1166, Kentucky Statutes, or of shooting and wounding in a sudden affray, as denounced by section 1242, Kentucky Statutes, if the jury believed from the evidence the shooting was done willfully and maliciously or in a sudden affray and sudden heat and passion.

The trial court gave only the usual murder, voluntary manslaughter and self-defense instructions. Under the provisions of sections 262, 263 and 264, of our Criminal Code of Practice, it is provided that, where the offense charged consists of different degrees, a defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment. Malicious shooting, as denounced by section 1166, and shooting in sudden affray, as denounced by section 1242, Kentucky Statutes, are included in the offense of murder here charged in the indictment. We have uniformly held that, where the evidence authorizes, it is error upon the part of the trial court to fail to instruct on any of the lesser degrees of the offense charged in the indictment or on any offense included within that charged in the indictment. See Bethel v. Commonwealth, 80 Ky. 526; Logsdon v. Commonwealth, 215 Ky. 707; and Meade v. Commonwealth, 214 Ky. 88, and the cases therein cited.

The evidence in this record as to whether Harve Pace died from the wound inflicted upon him by appellant or from an abscess of the lung, a new and wholly independent cause of death, would seem clearly to bring this case within the rule announced in Bush v. Commonwealth, 78 Ky. 268; Housman v. Commonwealth, 128 Ky. 818; Tibbs v. Commonwealth, 138 Ky. 558. In the Housman case,

*supra,* the facts were somewhat similar to those here presented. Deceased lived for some time after the difficulty, and much evidence was introduced tending to show that his death was due to lack of treatment or improper treatment rather than to the wound with a knife which had been inflicted by appellant. Here we have no evidence of improper or lack of treatment, but the principle is the same. The fact that in the case now before us deceased may have died from an abscess of the lung presents the new and independent cause of death. In the Housman case it was the lack of treatment and improper treatment that presented that issue. The court there not only gave the usual instructions where the charge in the indictment is murder, but also instructed under sections 1166 and 1242, Kentucky Statutes, the instructions so given being indicated in the opinion. In the Housman opinion, the following from Bush v. Commonwealth *supra,* was quoted as the prevailing rule:

"If a new and wholly independent instrumentality interposed and produced death, it can not be said that the wound was the natural or proximate cause of the death. 14 Grat. (Va.) 601; Livingston v. Commonwealth. This view of the law was not so presented to the jury as to give the appellant its full benefit. It should have been clearly and definitely presented to the jury that, if they believed from the evidence that death would not have resulted from the wound but for the intervention of the disease, they should not find the accused guilty of murder or manslaughter, but that they might find him guilty of wilfully and maliciously shooting and wounding under chapter 29, art. 6, section 2, Gen. St. 1888, or of shooting and wounding in sudden affray, or in sudden heat and passion, without malice, under chapter 29, art. 17, section 1, Gen. St. 1888. Section 262 of the Criminal Code reads: 'Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment.' While the offenses denounced in chapter 29, art. 6, section 2, Gen. St. 1888, and in section 1, art. 17, of the same chapter, are not degrees of the offense charged in the indictment, they are, in the language of the section quoted from the Code, 'included' in the offense charged."

Housman was found guilty of malicious cutting and wounding, and his complaint on the appeal was that the court erred in instructing the jury under section 1166 and 1242, Kentucky Statutes. The Housman opinion dealt exhaustively with the question whether malicious shooting or cutting and wounding and shooting or cutting and wounding in sudden affray, denounced by the two sections, *supra*, of our statutes, are included within the offense of murder, there as here, charged in the indictment, and concluded that they were and that under the facts of that case the trial court properly instructed the jury under those sections of our statute and affirmed the judgment of conviction.

The court has concluded that in view of the evidence tending to establish that deceased, Harve Pace, died as a result of an abscess of the lung, a new and wholly independent cause, rather than from the wound inflicted upon him by appellant, the trial court erred in not instructing the jury as to malicious shooting and wounding and shooting and wounding in a sudden affray, and that this error was to the prejudice of appellant's substantial rights, for which the judgment must be reversed.

For the reasons indicated the judgment herein is reversed and cause remanded for a new trial, and other proceedings consistent herewith.

Whole court sitting.