## Mitchell, et al. v. Commonwealth.

(Decided June 12, 1928.)

### Appeal from Pike Circuit Court.

1. Criminal Law.—Under Constitution, sec. 11, granting to accused right to have compulsory process for obtaining witnesses, necessarily meaning that he shall have reasonable opportunity to obtain presence of witnesses and prepare for trial, refusal of continuance to defendant in murder prosecution three days after indictment was returned and proceeding with trial on such date held erroneous, though affidavit was allowed to be read as testimony of absent witnesses, since Criminal Code of Practice, sec. 189, requires continuance unless truth of matter alleged in affidavit for absent witnesses is admitted by attorney of commonwealth.

2. Criminal Law.—Reasonable opportunity to prepare case and secure presence of witnesses is essential to a fair trial, particularly where race prejudice has been aroused and public excitement prevails.

3. Homicide.—In prosecution for murder, evidence as to one of defendants held insufficient to justify submission to jury.

4. Criminal Law.—In order that a person may be convicted as an aider of a felony, he must have rendered assistance with knowledge of felonious intention of principal in crime and must have aided with such intent.

O. M. GOFF for appellants.

J. W. CAMMACK, Attorney General, and M. B. HOLLIFIELD, Assistant Attorney General, for appellee.

Opinion of the Court by Commissioner Hobson—
Reversing.

Homer Mitchell and Houston Davis were indicted
in the Pike circuit court for the murder of Malcom Sloan.
On the trial of the case they were each found guilty of
murder. Mitchell's punishment was fixed at death, and
Davis' at life imprisonment. They appeal.

The first question presented is whether the court
erred in refusing a continuance of the case. Sloan was
shot and killed on the evening of December 24, 1927, in
Wolfpit, a mining camp. After the shooting Davis went
home and Mitchell hid himself in the mine. A number of
people assembled. The next day the Governor ordered
out the National Guard, which reached the place on the
26th. The persons hunting for Mitchell arrested him on
the 26th in the mine. He was shot twice and beat over
the head with a rifle. The party having charge of him
surrendered him to the officers on condition that he be
given an immediate trial and be given the death sentence.
The officers took him to Pikeville. The court summoned
a special grand jury. The indictment was returned
against him on the 27th. The case was set for trial on
that day, and on his motion for a continuance was set
over to December 30th. On that day the trial was had.
He had no witnesses present. The court allowed his af-
fidavit to be read as the testimony of the absent wit-
nesses. He had employed an attorney on the 27th. The
attorney filed his affidavit that he had not time to pre-
pare the case for trial; that there was such public feeling
against the defendants that he had been unable to make
proper investigation or learn the facts that could be
proved in their favor. The defendants were negroes;
Sloan was a white man. When the National Guard
reached Wolfpit, they were met by a mob of 75 to 100
men, whose purpose was to kill Mitchell when they found
him. The feeling in the community remained the same
until the trial. The defendants had no opportunity to
prepare their defense, as they were kept in close custody
from their arrest until the trial. Section 189 of the Crim-
inal Code provides that, when an affidavit is filed for con-
tinuance, the trial may be had if the attorney for the
commonwealth admits that the absent witnesses, if pres-

ent, will testify as alleged in the affidavit, but there is this provision:

> "Provided, however, the court may, when, from the nature of the case, it shall be of opinion that the ends of justice require it, grant a continuance, unless the attorney for the commonwealth will admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would testify to."

Section 11 of the Constitution provides that in all criminal prosecutions the accused has the right "to have compulsory process for obtaining witnesses in his favor." This necessarily means that he shall have a reasonable opportunity to obtain the presence of his witnesses and prepare for trial. The facts here are fully as strong as in Smith v. Commonwealth, 133 Ky. 532, 118 S. W. 368. In that case the trial was set four days after the indictment was returned. In Allen v. Commonwealth, 168 Ky. 325, 182 S. W. 176, the trial was had three days after the return of the indictment. The facts there are no stronger than those here, and in both cases a new trial was ordered. To same effect, see McDaniel v. Commonwealth, 181 Ky. 766, 205 S. W. 915, and Miller v. Commonwealth, 197 Ky. 703, 247 S. W. 956. In this case, as in the case last cited, the accused was wounded and showed that he was physically unable to go through the trial properly. To force the defendant into trial under such circumstances as we have here is simply to refuse him a reasonable opportunity to prepare his case and to secure the presence of his witnesses. This is essential to a fair trial. Especially is this necessary where, as in this case, race prejudice has been aroused and public excitement prevails.

The proof as to the homicide is, in substance, this: An hour or so before the homicide Mitchell and Davis were seen with Sloan walking along the railroad track, one of them being on each side of him and holding him up; when a man came up from the rear Mitchell let him go; the man told Davis to let him go and then Sloan went on with this man to the store. A few minutes afterward Mitchell and Davis came into the store, having gone to it by another route. They all stayed there some minutes, and nothing more occurred. An hour or more later Mitchell and Davis came into the store together, and Mitchell bought some needles, paid for them, and put then in his pocket. As he and Davis turned to leave the

store, Sloan came in at the door. He met them near the stove. No witness for the commonwealth noticed what was going on between them until a pistol shot was fired; then Mitchell was holding Sloan with his left hand and shooting him in the face with his right. Davis was going to the front door; he opened the door; he and Mitchell then left. Davis was unarmed. He did nothing and said nothing at the time, except to go to the door and open it. Mitchell had a 32 pistol. He testified that Sloan had a 45 pistol and shot at him first. After the shooting a bullet of a 32 and the bullet of a 45 pistol were found in the store, the latter having passed through the showcase and lodged in a shoe box. There is absolutely no evidence that Davis said or did anything connecting him with the shooting, and if on another trial the proof is the same the court will instruct the jury peremptorily to find for him. In order that a person may be convicted as an aider of a felony, he must have rendered assistance with knowledge of the felonious intention of the principal in the crime and must have aided with such intent. Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Anderson v. Com., 193 Ky. 663, 237 S. W. 45; Powers v. Com. 197, Ky. 154, 246 S. W. 436; Bradley v. Com., 201 Ky. 413, 257 S. W. 11. See, also, Combs v. Com., 225 Ky. 653, 6 S. W. (2d) —; Watkins and Hunton v. Com., post.

Judgment reversed, and cause remanded for a new trial.