## Richardson v. Commonwealth.

(Decided October 10, 1930.)

HUNTER M. SCHUMATE for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Gentry Richardson, Park Wolfinbarger, Grant Richardson, and Charlie Brinegar were indicted for the murder of Albert Spivey, and on his separate trial Gentry Richardson was convicted and sentenced to five years and one day in the penitentiary.

One Saturday night in June, 1929, there was a dance at South Irvine Park in Estill county. Gentry Richardson, George Brinegar and perhaps one or two others made the music for the occasion. Albert Spivey and Bessie Spivey were husband and wife, but they were not living togteher. Bessie at this time was staying at the home of her uncle, Gentry Richardson, and she and the members of Richardson's family attended this dance.

This dance hall consists of a floor with a roof over it, but the walls have not been completed, and some wire fencing is attached to the studding to inclose it.

Albert Spivey appeared on the grounds early in the evening; he did not come into the dance hall, but skulked around on the outside. About 9:30 some one broke the electric light that hung in front of the dance hall and lighted the premises thereabout. All the lights in this dance hall are controlled by a switch near the entrance, and shortly after this some one turned off the lights in the dance hall, and Albert Spivey hurled two stones through the hall.

Some time in the evening Bessie Spivey went into the soft drink stand, whereupon Albert Spivey started into the stand, and Mrs. Duggins, the operator of the stand, shut the door, and some one threw a stone and struck the back of the stand. Later Bessie Spivey returned to the dance hall, where she remained until the dance broke up. As she left the dance hall, Albert Spivey, so she says, caught her right arm with his left hand and shot into the dance with a pistol he held in his right hand. This is sharply disputed, and the majority of the witnesses say Spivey was unarmed, that he did no shooting, and that his wife was not near him when he was shot, but some of the witnesses for the commonwealth say he had hold of his wife, and several say the first shooting was done by Spivey.

Be that as it may, it is conclusively proven that about that time Park Wolfinbarger, standing inside the dance hall, fired two shots at Spivey, standing outside near the steps and below Wolfinbarger, and Spivey ran off into a hollow near the side of the dance hall and there fell and died. About that time shooting began from across this hollow into the dance hall, and Gentry Richardson began firing either at Spivey as he ran or at those across the hollow who were shooting into the hall.

It is conceded the only shots that struck Spivey were those fired by Wolfinbarger; there is no evidence Gentry Richardson shot Spivey or was acting in concert with or in aid of Wolfinbarger. The evidence shows the fatal wounds had been inflicted on Spivey by Wolfinbarger before Richardson left the music stand. There is no evidence Richardson aided, encouraged, counseled, or advised Wolfinbarger in any way, or was in any sense acting in concert with him. There was no evidence to sustain a charge against Gentry Richardson of aiding or abetting Wolfinbarger in killing Spivey.

It would be difficult to distinguish this case from Gill v. Commonwealth, 235 Ky. 351, 30 S. W. (2d) 608. See also, Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Whitt v. Commonwealth, 221 Ky. 490, 298 S. W. 1101; Stacey v. Commonwealth, 221 Ky. 258, 298 S. W. 696; Mitchell v. Commonwealth, 225 Ky. 83, 7 S. W. (2d) 823.

The court erred in permitting Dr. Edwards to testify Spivey had employed him to attend Bessie Spivey at the time of her approaching accouchement.

If upon the next trial the evidence is essentially the same, the court will give no instruction upon murder, but may, if the evidence is essentially the same, give an instruction under section 1166, Ky. Statutes; that being included in the charge of murder. See Harris v. Commonwealth, 218 Ky. 798, 292 S. W. 467; Lyons v. Commonwealth, 216 Ky. 202, 287 S. W. 534; Noble v. Commonwealth, 217 Ky. 556, 290 S. W. 330.

There is nothing in this evidence to show Richardson is responsible for the shooting done by Wolfinbarger, but he is responsible for the shooting he did himself unless done in his necessary self-defense.

This shooting as portrayed in this record impresses us as a half-told tale. That one or more persons were there and acting in concert with Spivey we know from the turning out of the lights and the throwing of the stones, and possibly evidence may be found to show a concert of action between Wolfinbarger and Richardson, but there is none in this record.

Therefore the judgment is reversed.