# Hodge v. Commonwealth

(Decided Sept. 27, 1932.)

JAMES S. WILSON for appellant.

BAILEY P. WOOTTON, Attorney General, and WILLIAM R. ATTKISSON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

Section 1152 of the 1930 Edition of the Statutes, being a part of chapter 182 of the Acts of 1893, provides:

"Whoever shall be guilty of the crime of rape upon the body of an infant under twelve years of age shall be punished with death, or with confinement in the penitentiary for life, in the discretion of the jury."

Prior to 1922, section 1155 of the Statutes (see the 1922 Edition) provided:

"Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

Construing these two sections of the Statutes, this court, in the case of Frierson v. Commonwealth, 175 Ky. 684, 194 S. W. 914, 916, said:

"In the enactment of these statutes, 1152, 1153, 1154, and 1155, supra, the Legislature was dealing with a crime of rape, and the acts denounced in section 1155, supra, are but declaratory of the common law upon that subject, when applied to the act of unlawful carnal knowledge of a female who is beneath the age of consent or an idiot. Section 1152, supra, which imposes a punishment of death or imprisonment for life for the crime of rape upon the body of an infant under the age of 12 years, which was at the time the statute was enacted the age at which a female could consent to unlawful sexual intercourse, does not undertake to define the crime of rape, but leaves its definition to the common law, and was evidently intended to provide a penalty commensurate with the crime for the commission of rape upon infants under 12 years of age, when accomplished by violence, force, threats, putting in fear, and without the consent of the infant and against her will, or whilst the infant is insensible; while section 1155, supra, was designed for application to those rapes upon idiots and infants whom the law esteems incapable of consenting to unlawful sexual intercourse, and when accomplished without actual force, violence, or threats, and with the nominal consent or acquiescence of the idiot or infant. * * * The indictment in the instant case charges that character of rape which at the common law was accomplished by the nominal consent of the female and without

violence or actual force by the perpetrator, and which, from the facts, the law conclusively presumes force on the part of the ravisher and absence of consent of the victim.''

In the Frierson Case, it was also held proper for an indictment in its accusatory part to designate the offense denounced by the then section 1155 of the Statutes as rape. By chapter 17 of the Acts of 1922, section 1155 of the Statutes was extensively altered and amended. It may also be noted that by chapter 18 of the Acts of 1930, section 1155 of the Statutes was again amended but not in any particular bearing on the present controversy. Section 1155 as amended in 1922, and as it now appears since the act of 1930, in so far as pertinent reads:

"Every male person who shall carnally know, with her consent, any female child, not his wife, under the age of eighteen years * * * shall be punished as follows:

"(1) When such child is under the age of twelve years, by imprisonment in the state penitentiary for not less than twenty years nor more than fifty years, or by death, in the discretion of the jury.''

The act of 1922, as well as the act of 1930, specifically provided that neither should in any wise affect section 1152 of the Statutes. It will be noted that the amendment of 1922 to section 1155 of the Statutes, in so far as it is pertinent to the present controversy, simply raised the age of consent from sixteen to eighteen years and provided an increased punishment where the infant involved was less than twelve years of age; so that the construction given by the Frierson Case to sections 1152 and 1155 prior to the 1922 amendment is still pertinent and controlling and that now where the commission of rape upon infants under twelve years of age is accomplished by violence, force, threats, putting in fear and without the consent of the infant and against her will or whilst the infant is insensible it is punishable as described by section 1152; but when it is accomplished without actual force, violence or threats, and with the nominal consent or acquiescence of the idiot or infant, it is punishable as prescribed by section 1155. In the instant case, the appellant, Walter Hodge, was indicted for the crime

4

"of rape" as the accusatory part of the indictment reads on an infant ten years of age committed, as the descriptive part of the indictment says, as follows:

"The said Walter Hodge in the said county of Bell on the 7th day of March, 1932, and within 12 months before the finding of this indictment did unlawfully and willfully and feloniously have carnal knowledge of Varia Yoe, an infant female child 10 years of age, the said Walter Hodge being a male person over 21 years of age and not being married to the said Varia Yoe, infant."

From what we have said, it is obvious that this is an indictment drawn under section 1155 of the Statutes and describes only the offense therein set out, since it is not alleged in the indictment that the rape was committed by violence, force, threats, putting in fear, and without the consent of the infant and against her will or whilst she was insensible, necessary allegations in an indictment under section 1152. However, when the court came to instruct the jury, he gave two instructions identical in language and form except as to the extent of the punishment which the jury might inflict if it found the appellant guilty. The instructions substantially followed the allegations in the indictment. In instruction No. 1 the jury was told that if it found the appellant guilty under that instruction it should punish him with death or life imprisonment in the penitentiary. In instruction No. 2 which, as stated, was identical in language and form with instruction No. 1, except as to the extent of the punishment, the jury was told that if it found the accused guilty under that instruction it should punish him by imprisonment in the penitentiary for a period of not less than twenty years nor more than fifty years or by death in its discretion. It will be noted that the punishment set out in instruction No. 1 is that prescribed by section 1152 of the Statutes, while that set out in instruction No. 2 is that prescribed by section 1155 of the Statutes. The jury found the appellant guilty and fixed his punishment at imprisonment for life. It is thus manifest that it found him guilty under instruction No. 1 and as a consequence found him guilty of the offense denounced by section 1152 of the Statutes rather than that denounced by section 1155. On this appeal, appellant insists that it was error to instruct save as to the offense prescribed by section 1155 of the Statutes. In this we

think appellant is correct. As we have seen, the offense set out in the indictment is the offense denounced by section 1155 of the Statutes, and while it may be true that the offense denounced by section 1155 of the Statutes is a degree of the offense denounced by section 1152, it is certain that the offense denounced by section 1152 is not a degree of the offense denounced by section 1155, since the rape denounced by section 1152 must be accomplished by the factors of force, violence, fear, and without the nominal consent of the infant, none of which are requisite under section 1155. These factors would have to be set out in the indictment to constitute a good indictment under section 1152 and they were not in the instant indictment.

This being true, the court erred in giving instruction No. 1, and the appellant having been found guilty under that instruction, it results that the judgment must be reversed, with instructions to grant the appellant a new trial in conformity with this opinion.