## Prewitt v. Commonwealth.

(Decided May 2, 1933.)

J. W. CAMMACK and T. A. PERRY for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The grand jury of Owen county, Ky., returned indictment charging Everett Prewitt with the crime of rape by force as denounced by section 1154, Kentucky Statutes. The jury fixed his punishment at confinement in the penitentiary for a period of 10 years.

It is insisted that the indictment charges two offenses, and for that reason the court erred in overruling a demurrer thereto. The objection to the indictment is that it states that the prosecuting witness was under the age of 16 years, but does not allege that she was above the age of 12 years. In an indictment charging the crime of rape under section 1154, Kentucky Statutes, the age of the parties is not important. The court did not commit error in overruling the demurrer. Page v. Commonwealth, 219 Ky. 151, 292 S. W. 741.

Accepting the testimony of the commonwealth, the verdict is sustained by the evidence. On the other hand, if the testimony on behalf of the defendant is accepted, he was not guilty of the charge. The evidence, therefore, presented a question for the jury. It is our view of the case that it is unnecessary to detail the evidence. Appellant offered to prove by Harry Sullivan that he

purchased a cap on the night it is charged the offense was committed, which under the circumstances we think was relative and admissible. The court improperly refused this witness to testify in relation thereto. This evidence on another trial will be admitted if again offered.

The court correctly gave to the jury an instruction on section 1154 and also on section 1155. The offense defined by section 1155 is a degree of that denounced by section 1154. Hodge v. Commonwealth, 245 Ky. 1, 53 S. W. (2d) 186.

Since the offense under section 1155 is a degree of that of the crime defined by section 1154, the defendant was entitled to an instruction in substance that, if the jury believed from the evidence that beyond reasonable doubt the defendant was guilty of having intercourse with the prosecuting witness, but had a reasonable doubt of the degree of the offense, i. e., of the offense of rape by force denounced by section 1154, as defined by instruction No. 1, or of the offense of carnally knowing a female with her consent of the age of 12 years and under the age of 16 years, as denounced by section 1155, as defined by instruction No. 2, the jury should find defendant guilty of the latter offense, and fix his punishment as therein directed. Carter v. Commonwealth, 5 Ky. Opin. 777; Harris v. Commonwealth, 218 Ky. 798, 292 S. W. 467; Hall v. Commonwealth, 219 Ky. 446, 293 S. W. 961.

The defendant insists that he was entitled to instruction authorizing the jury to find him guilty of assault and battery. The evidence did not authorize the giving of this instruction, and the court did not err in not giving it to the jury. Kirby v. Commonwealth, 210 Ky. 353, 275 S. W. 866; Meredith v. Commonwealth, 218 Ky. 571, 291 S. W. 745.

For reasons indicated, judgment is reversed and remanded for proceedings consistent herewith.