Luther STAPLETON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 11, 1957.

P. H. Vincent, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Luther Stapleton, Jr. was convicted of rape and sentenced to twenty years' imprisonment. He complains that the trial court (1) improperly refused a continuance of the trial; (2) admitted improper evidence; and (3) failed to give the whole law of the case; and (4) that the verdict is the result of passion and prejudice and is not supported by the evidence.

It is unnecessary to detail the evidence. The trial court gave an instruction based on KRS 435.090, involving carnal knowledge of a female against her will or consent, or by force. A reasonable doubt instruction also was given. Appellant insists that the court should have given instructions on: (1) KRS 435.100, the consent statute; (2) detaining a woman against her will; and (3) assault and battery.

The complaining witness testified that the sexual intercourse was accomplished by the appellant against her will, without her consent, and by the use of force. Appellant said that the intercourse was with her consent. He contends that an instruction based on KRS 435.100(1) (b), covering carnal knowledge of a female between the

ages of twelve and sixteen years with her consent, should have been given. The complaining witness lacked eight days of being sixteen years of age at the time of the alleged offense. The penalty under this statute is imprisonment from five to twenty years.

KRS 435.090 and 435.100 were formerly Sections 1154 and 1155, Kentucky Statutes, respectively. The offense charged under KRS 435.100 has been held to be a degree of the offense defined in KRS 435.-090. Where, as here, the evidence is in conflict on the question of force or consent, instructions covering both offenses should be given. Prewitt v. Commonwealth, 248 Ky. 845, 60 S.W.2d 122; Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030; Gabbard v. Commonwealth, 308 Ky. 165, 214 S.W.2d 87; Newsome v. Commonwealth, Ky., 274 S.W.2d 484, and cited cases therein.

The testimony from the complaining witness and the accused that intercourse was had relieved the court of any necessity of giving instructions on detaining a woman or on assault and battery. If the jury believed either witness, the defense described was not assault and battery or detaining.

Appellant objects to the testimony of Anna Sue Kilburn, Carl Kilburn, Russell Caudill, and Virgil Caudill because the witnesses did not identify the occupants of the automobile in which the complaining witness and appellant were alleged to have been riding. The testimony of the Kilburn and Caudill witnesses was related in time and in the course of events. It was connected by the identification of Joe Allen by Russell Caudill. Allen was admittedly an occupant of appellant's car on the night in question. The variance, vagueness, and indefiniteness of the testimony are matters affecting the weight to be given it rather than its admissibility. The other errors complained of may not occur on the next trial.

The judgment is reversed.