James CARTER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1957.

---

Vernon A. Dinkle, Ashland, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Judge.

James Carter was convicted of rape in the Boyd Circuit Court and sentenced to 15 years' imprisonment. He appeals from the judgment pronounced on him, urging six grounds for reversal. We conclude one of these grounds has merit, namely, that which claims the lower court erred prejudicially when it failed to instruct on a lesser degree of the offense charged. We shall therefore confine this opinion to this error, believing none of the other alleged errors claimed to have been committed by the lower court will recur at another trial.

It is necessary to set forth only one factual point developed by the evidence in order to lead up to the reason why the above-mentioned instruction should have been given. The prosecuting witness, who lacked eight days of being 16 years of age, testified the act of sexual intercourse was perpetrated on her by appellant against her will and by the use of force. Appellant testified he had sexual intercourse with her because she agreed to the act.

The trial court gave an instruction based solely upon KRS 435.090, which involves having carnal knowledge of a female above twelve years of age against her will or consent, or by force. The punishment for violation of this statute ranges from death or confinement in the penitentiary for life, without the privilege of parole, which are the severest penalties that may be imposed, down to not less than ten years' imprisonment, which is the minimum penalty that may be inflicted. A reasonable doubt instruction was also given.

Appellant maintained below, and renews his contention here, that the evidence warranted the giving of an instruction under KRS 435.100(1) (b), which covers carnal knowledge of a female between twelve and sixteen years of age with her consent and provides for punishment by confinement in the penitentiary for not less than five nor more than twenty years. The offense defined by KRS 435.100(1) (b) has been held to be a degree of the crime charged here under KRS 435.090.

We believe the lower court committed reversible error when it refused to instruct under KRS 435.100(1) (b). We have many times held that where, as here, the evidence is in conflict on the question of whether force was used, which

would be rape, or whether consent was given, which would be having carnal knowledge of a female, instructions covering both offenses should be given. See Stapleton v. Commonwealth, Ky., 305 S.W.2d 911, and the many cases cited therein on this point. The facts in the Stapleton case are in every respect similar to those in the case at bar and the legal principles set forth in that case control here.

Wherefore, the judgment is reversed.