Robert L. WHITE and William Chapman
(sometimes known as Billy
Ross), Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 7, 1965.

Rehearing Denied Nov. 5, 1965.

John W. Beard and William E. Rummage, Bratcher, Rummage, Beard & Flaherty, Owensboro, for appellants.

Robert Matthews, Atty. Gen., Frank D. Berry, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Upon a joint trial, Robert White and William Chapman were convicted on two counts of obtaining money under false pretenses, KRS 434.050, and a sentence of two years was imposed on each count. White and Chapman have appealed, asserting numerous grounds of error.

The appellants were charged with having victimized two elderly women by means of the well known "furnace inspection" racket. The evidence for the Commonwealth was that Chapman appeared at the homes of the women, claiming to be an authorized furnace inspector. Upon being permitted to examine the furnaces he reported that they were badly in need of cleaning, and that fortunately he had a couple of men in the neighborhood who would be available to do the cleaning. The women then signed contracts for the cleaning and the men arrived to do the work. Shortly afterward the men reported that they had found holes in the furnaces, which rendered them extremely dangerous. The men then called White, who appeared with other men, and who had furnace parts and new furnaces for sale. One of the women was prevailed upon to buy a "good, used chamber," which she subsequently identified as the one that originally was in her furnace, with simply a new coat of paint on it. The other woman bought a complete new furnace.

The appellants did not testify.

It is contended that the appellants' motion for a directed verdict should have been sustained as to Chapman because the only representation he was shown to have made was that the furnaces were dirty, and there was no proof that they were not dirty. It is contended that the motion should have been sustained as to White because the only representation he was shown to have made was that the furnaces were defective, and there was no proof that they were not defective. Also, as to White, it is contended that at one of the homes he did not do any of the talking and if there was any misrepresenting there it was done by another man.

In our opinion it is reasonably clear from the evidence that Chapman, White and the other men who appeared on the scene from time to time were associated together in a venture to sell furnaces or furnace parts, and the pattern of their operations was such that a misrepresentation by one properly could be charged to the others also, as having been made by mutual inducement. Therefore, we think that if at any stage of the venture there was a material false pretense by any of the associated participants, both White and Chapman may be charged with it.

As concerns the falsity of the representations concerning holes in the furnaces, we think the testimony of one of the women, that the purported replacement part was the same one that was removed from her furnace as allegedly defective, was sufficient proof of a material false representation. Also, there was testimony by a plumbing and heating contractor that if the furnace of the other woman had had a hole in it as claimed by the defendants, water would have been pouring out in great quantities (which condition did not exist).

It is our opinion that the evidence was sufficient to sustain the convictions.

The indictment was returned in September 1963. The defendants were arraigned in February 1964, and the trial was held in May 1964. On the day before the trial the defendants filed motion for a bill

of particulars, which the court overruled. Under RCr 6.22 the filing of such a motion after arraignment is by permission of the court. Furthermore, the rule provides that the granting of such a motion shall be "for cause." In the instant case the motion was filed long after arraignment and it stated no cause at all. It appears with reasonable certainty from the trial record that the defendants were fully aware of the particularities of the offenses with which they were charged. In their brief on appeal they do not indicate in what respect they were prejudiced by denial of their motion. Although we believe that trial courts should be liberal in directing the filing of bills of particulars, we can find no abuse of discretion in the instant case in the refusal so to direct. In fact, it is doubtful that the court properly could have granted the motion in the absence of. a statement of "cause" as contemplated by the rule.

█ On the day of trial the defendants moved for a change of venue. This motion was overruled, and properly so, because it was neither verified nor supported by affidavits as required by KRS 452.220.

█ A motion of the defendants for a transcript of the stenographic notes of the testimony before the grand jury was overruled, because the Commonwealth showed that the testimony before the grand jury had not been taken down by a reporter. RCr 5.16 does not require the stenographic reporting of grand jury testimony; it merely gives the defendant the right to a transcript if the testimony was reported. The defendants have no cause to complain of the overruling of their motion.

█ The court overruled motions of the defendants for separate trials for each defendant and for each count. The defendants do not complain that they were in fact prejudiced by the joint trial; their complaint is that for various reasons they were not able, before trial, to show in their motions how they *might* be prejudiced by a joint trial. Since they have shown no actual prejudice, it would be ridiculous to reverse the judgment simply because of an impairment of their opportunity, before trial, to allege the possibility of prejudice.

█ The appellants argue in general terms, without specification, that "incompetent, prejudicial and irrelevant" testimony was admitted. It appears that the complaint is addressed to the admission of testimony as to statements made by one of the defendants out of the presence of the other. The record shows that in every instance where an admonition was requested the court admonished the jury that the statement could not be considered against the defendant not present. In other instances the defendants simply made a blanket objection which the court overruled. The overruling of such objections was proper because the testimony was admissible as against one of the defendants. The court was not required to give an admonition in the absence of a request for it. Quarles v. Commonwealth, Ky., 245 S.W.2d 947.

█ It is argued that an instruction which authorized Chapman to be found guilty of aiding and abetting White was erroneous in failing to state that the aiding and abetting must have been done "willfully, maliciously and feloniously." However it is our opinion that the instruction was adequate because in the part dealing with aiding and abetting there was a reference back to an earlier part of the instruction in which it was stated that the principal act must have been done willfully, unlawfully and with intent to defraud. See Anderson v. Commonwealth, 193 Ky. 663, 237 S.W. 45.

█ A final contention is that the Commonwealth's attorney committed prejudicial error in his closing argument by making an indirect reference to the failure of the defendants to testify. The statement was:

"I don't think that standing mute after the evidence that has been presented to this jury indicates any eloquent plea of anything."

The record shows that the attorney for the defendants, in his closing argument, had made the statement that the failure of the defendants to take the stand was "one of the most eloquent shows of innocence that a defendant can make." In our opinion the subsequent comment by the Commonwealth's attorney was a proper and permissible rejoinder.

Upon the whole record we find no error prejudicial to the substantial rights of the appellants.

The judgment is affirmed.