Ronnie Earl DAVIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 31, 1978.

Edward C. Airhart, Schaefer & Airhart, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

On our initial review of this case we affirmed the judgment of the Bullitt Circuit Court convicting Ronnie Earl Davis and sentencing him to 10 years in prison for having had carnal knowledge of a female under the age of 18 years, a felony punishable by imprisonment for not less than two nor more than 10 years. *Davis v. Commonwealth,* Ky., 545 S.W.2d 644 (1977). After granting certiorari, the Supreme Court of the United States vacated the judgment of this court and remanded the proceeding for further consideration in light of *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), and *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

In *Brown,* the defendant, having stolen an automobile in East Cleveland, Ohio, was arrested while driving it nine days later in Wickliffe, Ohio. The authorities at Wickliffe caused him to be prosecuted and convicted for driving a motor vehicle without consent of the owner, a misdemeanor. In a separate proceeding thereafter he was convicted of auto theft, a felony, in Cuyahoga County (Cleveland). Though recognizing the misdemeanor of operating a motor vehicle without consent of the owner to be a lesser included offense within the crime of auto theft, the Ohio Court of Appeals upheld the felony conviction on the theory

that driving the vehicle nine days later was a separate offense. The United States Supreme Court disagreed, observing that although "the Wickliffe and East Cleveland authorities may have had different perspectives on Brown's offense, it was still only one offense under Ohio law." 432 U.S. at p. 169, 97 S.Ct. at p. 2227. In holding that the felony trial violated the Double Jeopardy Clause of the Fifth Amendment the Supreme Court quoted from *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as follows: "The applicable rule is that where the same act or transaction constitutes a violation of two distinct provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

"If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions." *Brown v. United States,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977).

Davis transported Holly Payne, a 16-year-old girl, from Jefferson County into Bullitt County where, according to his own testimony, he had intercourse with her. He was tried in Jefferson County for the offense of detaining a woman against her will (a felony under KRS 435.110) and was acquitted. He was then tried in Bullitt County for the offense of having carnal knowledge of a female under the age of 18 years and was convicted.

According to the girl, Davis forced her at gunpoint to leave a parked automobile in which she had been sitting with another man and to get into Davis' automobile. According to Davis, however, she willingly got into his car outside a night club in Jefferson County and accompanied him to a place in the country, where they parked. Soon after they got into Davis' car a police vehicle drove up, and the officer looked at Davis' driver's license and then departed, following which Davis drove to a place in Bullitt County, where the intercourse took place. Despite the young lady's testimony that she had been forced into Davis' car, obviously the jury in Jefferson County was not convinced that if that were true she would have made no outcry to the police officer. So Davis was found not guilty of detaining her against her will.

■ It is here that we enter the never-never land of determining how many angels can stand on the head of a pin. We concede, as recognized in our first opinion, that Davis' trial on the charge of detaining a woman against her will precluded a subsequent conviction for the greater offense of rape because, as indicated in *Brown* (432 U.S. at p. 168, 97 S.Ct. 2221), it makes no difference whether it is the greater or the lesser charge that is the first tried. In either event, the accused cannot thereafter be convicted of the other. We concede also that a trial *on the charge of rape* would have precluded a subsequent conviction for having carnal knowledge of a child under the age of 18 years, because under the law in effect at the time this case arose it was settled that carnal knowledge was a lesser included offense within the crime of rape. Cf. *Prewitt v. Commonwealth,* 248 Ky. 845, 60 S.W.2d 122 (1933); *Gilley v. Commonwealth,* 280 Ky. 306, 133 S.W.2d 67, 73 (1939); *Merriss v. Commonwealth,* 287 Ky. 58, 151 S.W.2d 1030, 1036 (1941); *Carter v. Commonwealth,* Ky., 307 S.W.2d 561 (1958). But it does not follow, we think, that simply because Davis could no longer be tried for rape he could not be tried for carnal knowledge. What, after all, really is the objective of the protection against double jeopardy? *Brown* itself suggests the reasonable answer:

"Where successive prosecutions are at stake, the guarantee serves 'a constitutional policy of finality for the defendant's benefit.' . . . That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal . . . and from attempts to secure additional punishment after a prior conviction and sentence . . . ." *Brown v. Ohio,* at 432 U.S. 165, at 97 S.Ct. 2225.

■ The fundamental reason Davis cannot be tried for rape is that an essential issue embraced in that charge (force) has been litigated and he is entitled not to have

it relitigated. Had he been charged with and tried for rape itself, rather than the lesser offense of detaining a woman against her will, the reason he would be protected against a subsequent trial for carnal knowledge is that one of the essential issues embraced in each of these two charges (intercourse) is the same, and he would be protected against having to litigate that issue twice. Considering, however, that a trial for the offense of carnal knowledge does not involve a relitigation of *any* issue necessarily presented by the charge of detaining a woman against her will, there is no sound reason for holding that one bars the other under the principle of double jeopardy. It is our opinion that the separate offenses of detaining a woman against her will and of having carnal knowledge of that same woman could be legally joined in one trial and result in consecutive sentences. As emphasized in our previous opinion, neither contains an element or is a lesser included offense within the other.

In reaching the foregoing conclusion we are not unmindful that the intent to have carnal knowledge is an essential element of the crime of detaining a woman against her will, and that the fact of subsequent intercourse would be admissible evidence of the intent with which the victim had been detained. However, the fact of intercourse is not an essential issue in a trial for detaining a woman against her will and is not requisite to a conviction of that offense. Conversely, neither is intent an element of statutory rape (carnal knowledge). That the fact of intercourse either may have been or actually was injected into a trial of the detaining offense as evidence tending to prove the essential element of intent does not, we think, make it one of the "facts underlying a prior acquittal" (or conviction) of that offense, and thus erect the barrier of double jeopardy against a trial for another offense in which the same evidence is indispensable to a conviction. Cf. *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530, 532 (1977), holding that a directed acquittal of capital murder occurring in the course of rape did not preclude a subsequent conviction of simple murder (a lesser included offense) even though the fact of rape was used at the second trial as evidence of motive.

To bring this matter into sharper focus, here is a case in which the defendant admits having committed the offense of carnal knowledge but seeks to avoid conviction on the ground that he has been acquitted on the isolated charge of having acted without her consent, which of itself was utterly irrelevant to the question of whether he had carnal knowledge of the victim. As we understand them, the great protections contained in the Bill of Rights were put there for the purpose of preventing oppression and unfairness to the individual, and certainly not as handicaps to enhance the excitement of the contest. Where is the oppression, the unfairness, in this case? If there is any, we doubt that it could ever be explained to the general public, for whose satisfaction and by whose will, presumably, the Constitution exists.

*Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), presents an entirely different question, and in this we concede error.

Price was tried for murder and found guilty of the lesser included offense of voluntary manslaughter. After the verdict had been set aside by reason of a trial error he was again tried for the same offense of murder, was again found guilty of voluntary manslaughter, and was sentenced to 10 years' imprisonment. Under *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), his conviction of manslaughter at the first trial constituted an acquittal of the murder charge, so he should not have been retried for murder. The second conviction having been affirmed on appeal to the Georgia courts, the Supreme Court granted certiorari and reversed. Rejecting the argument that because Price had not been convicted of murder the second trial of that charge was harmless error (the same basis on which we affirmed Davis' conviction of carnal knowledge though he had been improperly tried at the same time for rape), the Supreme Court said this:

"The Double Jeopardy Clause . . . is cast in terms of the risk of hazard of trial

and conviction, not of the ultimate legal consequences of the verdict. To be charged and to be subjected to a second trial for first-degree murder is an ordeal not to be viewed lightly. Further, and perhaps of more importance, we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." *Price v. Georgia,* at 398 U.S. 331, at 90 S.Ct. 1762.

Likewise it is in this case. Having been acquitted of a crime that was an essential element of the rape charge, Davis could not be tried for rape, and we cannot determine whether the trial of that charge induced the jury to find him guilty of the alternative offense of carnal knowledge. He therefore is entitled to be tried on the carnal knowledge count alone, unalloyed with the rape and detaining charges..

The judgment is reversed with directions that the appellant be granted a new trial solely on the charge of carnal knowledge.

All concur.