James **LOWE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, **Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Chief Justice.

The appellant, James Lowe, and Hank Baker, a minor, were jointly indicted, tried and convicted of storehouse breaking, KRS 433.190, and were sentenced to one year in the penitentiary. This opinion disposes of Lowe's appeal. See also Baker v. Commonwealth, Ky., 500 S.W.2d 69 (1973), reversing on grounds not applicable to Lowe.

The conviction here under review resulted from a second trial. Following the first trial, in which a jury found both defendants guilty and fixed their punishment at one year's imprisonment, the trial court on its own initiative set aside the verdict and ordered a new trial, as authorized by RCr 10.02(2). The ground upon which this action was taken was set forth in the order as follows: "The evidence against James Lowe is insufficient to support a verdict of guilty, the testimony of Lowe being hearsay testimony concerning statement allegedly made by the defendant, Hank Baker, to the investigating Officer."

On this appeal Lowe relies upon two grounds for setting aside the second conviction, (1) double jeopardy and (2) insufficiency of the evidence to support a verdict of guilty.

■ For the purposes of the argument it may be assumed that the evidence was not sufficient to authorize Lowe's conviction except for the content of a pretrial inculpatory statement, given orally by Baker to the sheriff, in which Baker was reported by the sheriff's testimony to have said that he and Lowe had committed the crime and to have described in detail the manner in which they had done it. On the other hand, if the sheriff's testimony reciting the contents of this statement by Baker can be considered as substantive evidence against Lowe, other corroborating evidence adds enough under the accomplice rule to support the verdict.[1]

■ The ordering of a new trial before the jury has returned a verdict, or after it has returned a verdict of not guilty, is a horse of a different color from ordering one following a guilty verdict. From the standpoint of a convicted defendant, there is nothing to lose by another trial except for the possibility of receiving a greater penalty at the hands of the jury. Whether a longer sentence would have been constitutionally permissible upon a new trial for which he did not ask is a question we need not decide, because the fact is that the second jury fixed the same penalty as the first. Hence there was no possible prejudice. The constitutional protection against double jeopardy was not violated. See Commonwealth v. Gabor, 209 Pa. 201, 58 A. 278 (1904); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and Chaffin v. Stynchecombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

■ In Bruton v. United States, 391 U. S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967), the admission of an oral confession by one defendant incriminating a co-defendant violated the co-defendant's right of confrontation and cross-examination and could not be cured by an admonition to the jury not to consider it as against him. That, however, was a case in which the confessing party did not take the stand as a witness. In the later case of Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222, (1970), in which the confessing defendant took the stand in his own defense and denied having made the statement, it was held that the principle of Bruton applies "only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination." 402 U.S. at p. 627, 91 S.Ct. at p. 1726. That is exactly what happened in this case.

There was no objection by Lowe to the sheriff's evidence of what Baker had told him concerning Lowe, but even if there

---

1. An accomplice instruction was neither asked nor given. We express no opinion as to whether it should have been.

had been, after Baker took the stand and the Commonwealth laid a proper foundation by asking him whether he had made the statement in question the sheriff's testimony concerning the statement would have been admissible as substantive evidence under the principle of Jett v. Commonwealth, Ky., 436 S.W.2d 788, 792 (1969).

The judgment against Lowe is affirmed.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.