Michael Kent KLEE, Appellant,

v.

Hon. John P. LAIR, Judge, Pendleton
Circuit Court, Appellee.

Supreme Court of Kentucky.

June 16, 1981.

Reconsideration Denied Sept. 18, 1981.

Paul C. Gaines, III, William E. Johnson,
Johnson, Judy Gaines, Frankfort, for appel-
lant.

Steven L. Beshear, Atty. Gen., Robert V.
Bullock, Asst. Atty. Gen., Frankfort, John
M. Keith, Jr., Keith & Keith, Cynthiana, for
appellee.

## OPINION AND ORDER

Michael Kent Klee appeals from an order
of the Court of Appeals of Kentucky deny-
ing his petition for a writ of prohibition.
Appellant was indicted by the Pendleton
County Grand Jury for the offense of,

"Trafficking in or transferring a Sched-
ule II, Controlled Substance, a Class C
felony."

At the conclusion of a two-day trial the
court not only instructed the jury on the
offense charged in the indictment but also,
over objections of appellant, instructed the
jury on the lesser included offense of,

"Possession of a Schedule II, Controlled
Substance, a Class D felony."

The jury returned a verdict finding the
appellant guilty of the lesser included of-
fense and fixed his punishment at three
years in the penitentiary and a fine of
$5,000. This had the effect of acquitting
appellant on the primary charge. *Gunter v.
Commonwealth*, Ky., 576 S.W.2d 518 (1979).

The appellant filed a motion for a new
trial, which, by reason of procedural irregu-
larities that occurred during the trial, was
granted. The court set aside the verdict of
the jury and reset the case for trial at a
future date.

■ Appellant filed a motion to dismiss
the indictment on the ground that to try
him again on the trafficking charge, the
offense set out in the indictment, would
violate his 5th Amendment right not to be
twice put in jeopardy (U. S. Const., 5th

Amend.). The trial judge denied the motion. Thereupon, appellant filed a petition for a writ of prohibition against the Honorable John P. Lair, Judge of the Pendleton Circuit Court. The petition was denied; hence this appeal.

First of all, we consider appellant's right to proceed as he has by an application for a writ of prohibition rather than by appeal. In *Crawley v. Kunzman*, Ky., 585 S.W.2d 387 (1979), we said: "The right of appeal is not an adequate remedy against double jeopardy. ... Crawley therefore is entitled to an order of prohibition."

We hold, therefore, that appellant is proceeding properly.

■ We next turn our attention to whether appellant's having been found guilty of the lesser included offense and not guilty of the major offense prohibits him from being tried a second time for the major offense. We think it does.

Appellant, in his petition for a writ of prohibition, makes the charge that the indictment must be dismissed since he cannot be retried on the primary charge. He goes on to say, "(Nothing would prohibit the Commonwealth from moving the Court to amend the indictment to possession or to re-indict the petitioner on the possession charge.)"

We are of the opinion that *Gunter v. Commonwealth*, supra; *Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); and *Davis v. Commonwealth*, Ky., 561 S.W.2d 91 (1978), are controlling of this issue.

In *Gunter*, supra, Gunter was indicted by the Pulaski County Grand Jury for murder and first-degree arson. He was convicted of murder and second-degree arson. On appeal to this court the conviction was reversed by reason of a procedural irregularity that occurred during the trial. Upon a second trial Gunter was tried on the same offense for which he had been formerly tried. He was found guilty of murder and second-degree arson as before. Gunter argued that he was placed in double jeopardy when compelled to go to trial the second time for the first-degree arson charge. In discussing that issue, this court said:

"We note that on appellant's first trial, in addition to being charged with murder, he was charged with the offense of first-degree arson. The jury was instructed on both first and second-degree arson, and it found him guilty of arson in the second degree. This had the effect of acquitting him on the charge of first-degree arson...."

Further, in disposing of the issue, we said:

"The appellant next argues that he was placed in double jeopardy when compelled to go to trial the second time for the first-degree arson charge. Counsel for the Commonwealth concurs, as does this court."

In the case at bar, upon appellant's first trial the jury was instructed on trafficking in or transferring a schedule II controlled substance as well as on possession of a schedule II controlled substance. The indictment against appellant charged only the principal offense. The jury found him guilty of the lesser included offense, which had the effect of finding appellant not guilty of the principal offense. The appellant having thus been found not guilty of trafficking in or transferring a schedule II controlled substance, he cannot now be retried for that offense.

In *Price*, supra, the United States Supreme Court stated the issue to be whether a state can retry an accused for murder after an earlier guilty verdict on a lesser included offense had been set aside because of trial error. The state court had answered the issue in the affirmative. The United States Supreme Court held that Price's conviction of manslaughter at the first trial constituted an acquittal of the murder charge and, consequently, Price could not be retried for murder. So, in the case at bar, the appellant cannot be retried for the charge of trafficking in or transferring a schedule II controlled substance after having been convicted of the lesser included offense of possession.

In *Davis*, supra, this court had occasion to consider the propriety of *Price*, supra. It did so with approval.

In this subject action the question was discussed as to whether a different standard is applicable where a new trial has been granted by the trial court prior to the entry of a final judgment and where there has been a reversal of a conviction by an appellate court. This question was laid to rest in *Price,* supra, where the court said:

"... The Double Jeopardy Clause, as we have noted, is cast in terms of the risk of hazard of trial and conviction, not of the ultimate legal consequences of the verdict...."

There is no different standard applied in these instances.

We reverse the decision of the Court of Appeals of Kentucky, and we grant appellant's petition for a writ of prohibition. Appellee is permanently prohibited from causing appellant to be tried on the offense of trafficking in or transferring a schedule II controlled substance charged against him in the August 29, 1980, indictment. The case is remanded to the Pendleton Circuit Court where the indictment may be amended to include the charge of possession of a schedule II controlled substance and put appellant to trial on that offense only.

All concur.

ENTERED June 16, 1981.

/s/ John S. Palmore
Chief Justice