Margaret **FORD**, Appellant,

v.

**COMMONWEALTH of
Kentucky**, Appellee.

Court of Appeals of Kentucky.

Dec. 5, 1986.

Kathleen Kallaher, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, Ray Larsen, Com. Atty., Lexington, for appellee.

Before COOPER, DUNN and WILHOIT, JJ.

COOPER, Judge.

This is an appeal from a judgment convicting the appellant, Margaret Ford, of second-degree manslaugher and sentencing her to ten years' imprisonment. Although the appellant raises several substantive issues on appeal, the principal issue is whether the trial court erred, as a matter of law, in instructing the jury. Reviewing the record below, we reverse.

Without reciting all of the facts giving rise to this action, the issue before this Court is whether the trial court erred in instructing the jury on both murder and second-degree manslaughter given the appellant's defense of self-protection. The appellant was indicted for the murder of Jerry Ford. In answering the indictment, she relied on the defense of self-protection, an intentional act. KRS 503.050.

Nevertheless, in instructing the jury on the issue of self-protection, the trial court informed it that if it believed the appellant had erroneously believed she needed to use force against her husband or had used more force than was necessary in the given situation, her conduct would be considered to be wanton, and therefore she would be guilty of second-degree manslaughter. In effect, the trial court instructed the jury that although the appellant relied on the defense of self-protection, it could determine that her actions constituted wanton conduct. A portion of the trial court's instructions read as follows:

> Erroneous belief qualification. Regardless of what the defendant then believed, if you believe from the evidence beyond a reasonable doubt that it was

not in fact necessary for her to use physical force against Jerry Ford in order to protect herself or, if it was, that she used more force than was actually necessary; and you further believe from the evidence beyond a reasonable doubt that the defendant's belief to the contrary, the action she took against Jerry Ford in reliance upon that belief amounted to (a) Wanton conduct, then she was not so privileged and you will find her guilty of second degree manslaughter under Instruction Number 5. (b) Wanton conduct under circumstances manifesting an extreme indifference to human life which created a grave risk of death to Jerry Ford, then she was not so privileged and you will find her guilty of murder under Instruction Number 2(b)(ii).

In *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985), the Court, in confronting a similar situation, ruled that inasmuch as the defendant's act of killing the victim was, by his own admission, intentional, the trial court's instructions should have been limited to intentional crimes. It held that "an unreasonable belief concerning the necessity of self-defense is not a factor in the statutory definition of second-degree manslaughter." At p. 862. *See also Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984); *Hayes v. Commonwealth*, Ky., 625 S.W.2d 583 (1982).

■ Although the Commonwealth argues that the appellant, by relying on evidence of the "battered spouse syndrome" during the course of the trial, introduced evidence to support a finding that she had acted wantonly thereby justifying a second-degree manslaughter conviction, we disagree. Evidence that the appellant had suffered from battered spouse syndrome only went to the question of whether she feared her husband. It did not go to the issue of whether her action in shooting her husband five times was intentional.

■ Furthermore, although the Commonwealth argues that the appellant, by firing the first shot wildly, demonstrated wanton conduct, the evidence further established that subsequent to the initial shot, the appellant fired five additional shots at the victim, even as he was falling to the floor. Clearly, there was more than sufficient evidence for a jury to have found that the appellant acted intentionally in shooting her husband. And, it was for the jury to determine whether her action constituted self-defense, entitling her to an acquittal. KRS 503.050.

Given the trial court's error in its instruction to the jury, the appellant's conviction for second-degree manslaughter must be reversed. This results from the fact that the jury was instructed on a charge of murder, a charge of first-degree manslaughter, and also a charge of second-degree manslaughter. Given her constitutional protection against double jeopardy, she cannot now be tried on those charges. *See Klee v. Lair*, Ky., 621 S.W.2d 892 (1981). Accordingly, the trial court is directed to reverse the appellant's judgment and enter a judgment of acquittal for her on the counts of the indictment.

The judgment of the trial court is reversed.

All concur.