Dante McGINNIS, Appellant,

v.

Thomas B. WINE, Judge, Jefferson
Circuit Court, Appellee,

and

Commonwealth of Kentucky,
Real Party in Interest.

No. 97–SC–99–MR.

Supreme Court of Kentucky.

Jan. 22, 1998.

John William Stewart, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Amy F. Howard, Assistant Attorney General Criminal Appellate Division, Frankfort, for Appellee.

JOHNSTONE, Justice.

Dante McGinnis appeals from an original action in the Court of Appeals in which he sought a writ of prohibition to prevent his retrial on the grounds of double jeopardy. This Court reversed McGinnis's conviction in the Jefferson Circuit Court for wanton murder in *McGinnis v. Commonwealth*, Ky., 875 S.W.2d 518 (1994). The Court of Appeals denied Appellant's petition, ruling that the jury's actions in completing certain not guilty verdicts were unauthorized and constituted mere surplusage. We agree.

McGinnis fatally shot Antonio Miller on February 8, 1990. He claimed self-defense at his trial in the Jefferson Circuit Court. The facts surrounding this tragic event are fully set out in *McGinnis, supra.* McGinnis was tried and convicted of the wanton murder of Miller and the wanton endangerment of victim Eric Rufus. The trial court imposed the recommended sentences of forty (40) years and one (1) year, respectively.

Reversing on appeal, we held that if there was evidence to support an instruction on self-defense, the trial court should have instructed the jury only on intentional murder and not on wanton murder. We stated that "the various provisions of the Penal Code,

construed as a whole, do not justify submitting the case on a wanton murder instruction where the issue is self-defense, as in this case." *McGinnis,* 875 S.W.2d at 524.

Upon remand to the circuit court for a new trial, McGinnis moved to dismiss the indictment, or for a judgment of acquittal, on the grounds that retrial would violate the double jeopardy provisions of Section 13 of the Kentucky Constitution and the Fifth Amendment to the United States Constitution. The record does not specify precisely what charges the Commonwealth intended to pursue on retrial. However, we note that the Commonwealth stated at oral argument that McGinnis would not be retried for intentional murder, but only for the lesser-included homicide offenses. Thus, whether McGinnis can be retried for intentional murder is not at issue. Rather, McGinnis's argument is that double jeopardy principles preclude his retrial on any of the lesser-included offenses that were presented to the jury at his first trial.

At the first trial, the jury found McGinnis not guilty of the intentional murder of Antonio Miller, but guilty of his wanton murder. However, ignoring the final admonition in the wanton murder instruction that "[i]f you find the defendant guilty under this Instruction, you shall say so by your verdict and no more," the jury foreman signed the not guilty verdict forms for the lesser-included homicide offenses of manslaughter in the first degree, manslaughter in the second degree, and reckless homicide. The prosecutor did not move to set aside these not guilty verdicts, nor did the trial court set them aside *sua sponte.*

McGinnis argues that the jury expressly found him not guilty by these lesser-included verdicts, thus precluding his retrial. The trial court and the Court of Appeals both rejected this argument, holding that the not guilty verdicts were unnecessary and unauthorized surplusage.

It is well settled that retrial after reversal of a conviction is not barred by the principle of double jeopardy. More than a century ago, the United States Supreme Court held that a criminal defendant who successfully appeals a judgment against him "may be tried anew ... for the same offense of which he had been convicted." *United States v.*

*Ball,* 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). This well-established part of our jurisprudence remains viable to date. *North Carolina v. Pearce,* 395 U.S. 711, 720, 89 S.Ct. 2072,.2078, 23 L.Ed.2d 656 (1969); *United States v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980).

Two primary considerations underlie this principle. First, the sound administration of justice recognizes that society would pay too high a premium "were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to a conviction." *United States v. Tateo,* 377 U.S. 463, 466, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964). Second, the United States Supreme Court has concluded that a retrial after a conviction has been reversed does not fall within the realm of governmental oppression contemplated by the double jeopardy clause. *United States v. Scott,* 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978).

■ The limited exception to the above is that the double jeopardy clause precludes retrial "once the reviewing court has found the evidence legally insufficient" to support the conviction. *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). That clearly is not the case at bar.

■ McGinnis cites *Klee v. Lair,* Ky., 621 S.W.2d 892 (1981) and *Ford v. Commonwealth,* Ky.App., 720 S.W.2d 735 (1986), for the proposition that "double jeopardy barred re-trial of defendants who had been acquitted under similar circumstances." However, the facts of those cases are easily distinguishable from those in the case before us. Both *Klee* and *Ford* deal with the implications of an "implied acquittal." Simply put, the double jeopardy clause prohibits the prosecution or conviction for a greater offense when a defendant has already been tried and acquitted, or convicted, on a lesser-included offense. *See Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

In *Klee, supra,* we held that retrial of the defendant on the greater offense of trafficking in a controlled substance was barred after his conviction on the lesser-included

offense of possession of a controlled substance in the original trial. In *Ford*, the Court of Appeals held that the defendant could not be retried on the greater offenses of murder and first-degree manslaughter following reversal of her second-degree manslaughter conviction. In other words, conviction of these defendants on the lesser-included offenses had the effect of acquitting them of the greater charges. Thus, the implied acquittal theory provides no solace for McGinnis as the concept of acquittal by implication climbs up the ladder, not down.

■ This leaves us with the question of whether the jury's conduct in completing the not guilty portions of the verdict forms of the lesser-included offenses, despite the admonition in the wanton murder instruction to "say no more," bars retrial. We think not.

The trial judge in the case before us gave the jury the usual "stairstep" instructions allowing the jury to consider the offenses of intentional murder, wanton murder, manslaughter in the first degree, manslaughter in the second degree, or reckless homicide. Each instruction, from the highest to the lowest offense, contained the following language:

> If you find the defendant guilty under this Instruction, you shall say so by your verdict and no more.

■ Once the jury found McGinnis guilty of an offense, it is axiomatic that such conviction precluded a conviction on any lesser-included offense. A defendant may not be charged and convicted of both a major offense and lesser-included offense arising out of the same facts. *United States v. Howard*, 507 F.2d 559, 563 (8th Cir.1974); *United States v. Lewis*, 482 F.2d 632, 647 (D.C.Cir. 1973).

While there are no Kentucky cases directly on point, we have held that an action by a jury which exceeds the scope of its authority is mere surplusage, which is not binding on the trial court. *Brown v. Commonwealth*, Ky., 445 S.W.2d 845, 847 (1969); *Hall v. Commonwealth*, Ky., 402 S.W.2d 701, 703 (1966); *Hall v. Commonwealth*, 283 Ky. 778, 143 S.W.2d 495, 496 (1940).

In our analysis, we find the following reasoning of *Jones v. Jones*, 938 F.2d 838 (8th Cir.1991), to be instructive:

> In *United States v. Howard*, 507 F.2d 559 (8th Cir.1974), this court explained that inconsistent verdicts arise " 'where a guilty verdict on one count negatives some fact essential to a finding of guilty on a second count. . . .' " *Id.* at 561 n. 4. Second degree burglary is a lesser included offense within first degree burglary. As we stated in *Howard*, "a finding of guilty on the lesser offense[ ] as well as the major offense[ ] creates per se no inconsistency in conclusions; in finding the defendant guilty of the major offense[ ] *the jury must necessarily have concluded that all of the elements of the lesser included offense[ ] were present.*" *Id.* at 563. Thus, even if the jury did return verdicts of both first and second degree burglary, the mistake did not result in inconsistent verdicts.
>
> We need not reach the question of how to resolve dual verdicts, however, because the Missouri Court of Appeals concluded, as a factual matter, that the jury foreman's signature on the verdict form for the lesser included offense of second degree burglary was *mere surplusage, [State v.] Jones*, 748 S.W.2d [898] at 902–03 [(Mo.App.1988)], and the record amply supports this conclusion.

*Jones*, 938 F.2d at 845 (emphasis added).

■ Just as in *Jones*, when the jury found McGinnis guilty of wanton murder, it necessarily concluded that all of the elements of the lesser-included offenses were present. Although our scenario deals with not guilty verdicts on the lesser-included offenses, we find such to be a distinction without a difference. By proceeding beyond its instructions and authority, the additional verdicts amounted to no more than mere surplusage. While requiring the jury to retire in order to strictly comply with the court's instructions may have been the better course, we are not persuaded that we should bind the trial court to the unauthorized not guilty verdicts. Consequently, we hold the unauthorized recommendations of the jury on the lesser-included offenses to be nonbinding surplusage, which may be ignored.

For the foregoing reasons, the Court of Appeals is affirmed.

All concur.