Francisco Gilbertto RODRIGUEZ,
Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2012–SC–000049–MR.

Supreme Court of Kentucky.

April 25, 2013.

Susan Jackson Balliet, Assistant Public Advocate, Frankfort, KY, counsel for appellant.

Jack Conway, Attorney General of Kentucky, Kenneth Wayne Riggs, Assistant Attorney General, Office of the Attorney General, Frankfort, KY, counsel for appellee.

Opinion of the Court by Justice SCOTT.

A Christian Circuit Court jury found Appellant, Francisco Gilbertto Rodriguez, guilty of Class A felony incest. For this crime, Appellant received a sentence of thirty years' imprisonment. He now appeals as a matter of right, Ky. Const. § 110(2)(b), alleging that: (1) the trial court erred by failing to grant his motion for a directed verdict because there was insufficient evidence of the victim's age at the time of the offense, (2) the trial court issued erroneous jury instructions on his incest charge that denied him a unanimous verdict, and (3) retrial of the incest charge would violate his rights guaranteed by the Fifth Amendment's Double Jeopardy Clause.

Because Appellant was denied his right to a unanimous verdict due to the instruction given to the jury in this case, we reverse Appellant's conviction and sentence and remand this case for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellant was indicted for having sexual intercourse with his daughter "Patty," [1] a minor under the age of twelve. Patty

---

1. "Patty" is a pseudonym employed in this opinion to protect the child's true identity.

testified that Appellant began having sexual intercourse with her in 2005 when she was eight years old and continued to do so on a regular basis until July 2010 when Appellant was arrested. Although Appellant originally admitted in a taped confession to having sexual intercourse with his daughter, he denied having sex with Patty when he testified at his trial. He was indicted for Class A felony incest (specifically, "Incest, Victim under 12 years of Age") on August 20, 2010.

During the guilt phase, the trial court provided the jury with instructions on the incest charge that did not require a determination of Patty's age at the time of the alleged offense. Thereafter, the jury found Appellant guilty of incest under the instructions given and, during the penalty phase, it determined that Patty was under the age of twelve at the time of the offense by putting a check mark on the verdict form for offenses against a victim under twelve, Class A Incest.[2] However, it did not determine a sentence on this verdict form which had a range from twenty to fifty years or life if the victim was under twelve. Following direction from the court, they returned to deliberate and then recommended a thirty-year sentence that the trial court adopted.

Further facts will be developed as required.

## II. ANALYSIS

### A. Directed Verdict

■ Appellant first asserts that the trial court erred in failing to grant his motion for a directed verdict because the Commonwealth presented insufficient evidence of Patty's age. In his reply, however, he admits this argument is unpreserved because he failed to object on the specific grounds mentioned above. *Pate v. Com-*

*monwealth,* 134 S.W.3d 593, 597–98 (Ky. 2004) ("Kentucky appellate courts have steadfastly held that failure to [object on specific grounds on a motion for a directed verdict] will foreclose appellate review of the trial court's denial of the directed verdict motion."). Thus, we review for palpable error. RCr 10.26.

We therefore ask whether sufficient evidence of Patty's age was presented to support Appellant's conviction for Class A felony incest:

> [T]he standard of review required by the Due Process Clause with respect to the sufficiency of the evidence to support a criminal conviction ... is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Potts v. Commonwealth,* 172 S.W.3d 345, 349 (Ky.2005) (*citing Jackson v. Virginia,* 443 U.S. 307, 318–319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). This standard "looks to whether there is sufficient evidence which, *if credited,* could support the conviction...." *Potts,* 172 S.W.3d at 349 (*citing Schlup v. Delo,* 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (emphasis added)).

Class A felony incest is defined by KRS 530.020, which states, in pertinent part: "A person is guilty of incest when he or she has sexual intercourse ... with a person whom he or she knows to be [a] ... descendant...." Incest is "a Class A felony if ... [c]ommitted on a victim less than twelve years of age...."

After reviewing the evidence in a light most favorable to the Commonwealth, we find that it was sufficient to support a conviction for Class A felony incest. De-

---

**2.** This verdict form was signed by the foreperson indicating a unanimous verdict.

spite the fact that Appellant testified otherwise, he admitted in a taped confession to having vaginal intercourse with his daughter. As to the victim's age, Patty testified that Appellant began having sexual intercourse with her when she was eight years old and continued to do so until he was arrested.[3] Thus, any rational trier of fact could have found beyond a reasonable doubt that Patty was under the age of twelve when Appellant began having sexual intercourse with her.

### B. Unanimous Verdict

■ Appellant next asserts that his conviction violated due process because the jury's verdict was not based on a theory of guilt in which the Commonwealth proved all the required elements of Class A felony incest beyond a reasonable doubt. Specifically, Appellant argues that the jury's instruction failed to require a unanimous determination beyond a reasonable doubt that Patty was under twelve years old at the time of the offense. As this issue is also unpreserved, we again review for palpable error under RCr 10.26.

KRS 530.020, our incest statute, was amended on July 12, 2006. Prior to these amendments, the statute did not include the age of the victim at the time of the offense and defined the crime as a Class C felony. However, the July 12, 2006 amendments divided incest into separate categories of crimes based on the victim's age.

Under the amended version of KRS 530.020, Appellant was guilty of Class A felony incest if he had "sexual intercourse . . . with a person whom he . . . [knew] to be [a] . . . descendant" and the crime was "[c]ommitted on a victim less than twelve (12) years of age. . . ." Conversely, he was guilty of Class B felony incest if he had "sexual intercourse . . . with a person

whom he . . . [knew] to be [a] . . . descendant" and the crime was committed "[o]n a victim who [was] . . . [l]ess than eighteen (18) years of age. . . ." Finally, he was guilty of Class C felony incest if he had "sexual intercourse . . . with a person whom he . . . [knew] to be [a] . . . descendant [and] the act [was] committed by consenting adults."

Here, however, the guilt phase instruction given to the jury read only as follows:

> You will find the Defendant guilty of Incest under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in this county on or between July 2005 and June 2010, and before the finding of the Indictment herein, he engaged in sexual intercourse with [Patty];
>
> B. That [Patty] was his daughter;
>
> C. That he knew [Patty] was his daughter.

Plainly, this instruction contained no requirement that the jury determine Patty's age at the time of the offense. However, during the penalty phase of Appellant's trial, the court instructed the jury to determine Patty's age as a requisite to setting his sentence, to wit:

> You have found the Defendant guilty of the offense of Incest. If you believe from the evidence that [Patty] was under the age of 12 at the time the offense occurred, you shall fix his punishment for that offense at confinement in the penitentiary for not less than 20 years, but not more than 50 years, or life, in your discretion. If you believe from the evidence that [Patty] was under the age of 18 at the time the offense occurred, you shall fix his punishment at confinement in the penitentiary for not less

---

**3.** Patty was thirteen at the time of Appellant's arrest.

than 10 years, but not more than 20 years.

Thereafter, following deliberations, the jury returned the verdict form to the courtroom indicating it had unanimously found Patty to be under the age of twelve at the time of the offense. However, it failed to complete the verdict form and recommend a punishment.[4] Only after the jury was sent back for additional deliberations did it recommend a sentence of thirty years, which the trial court subsequently imposed.

Because it is unclear whether the jury's determination supports Appellant's Class A felony incest conviction, the instructions were erroneous.[5] Moreover, the instructions permitted the jury to convict Appellant of Class A felony incest for events that occurred "between July 2005 and June 2010." However, if the jury's conviction was based upon acts that occurred before the statutory amendment's effective date of July 12, 2006, then it could only convict Appellant of Class C felony incest under the prior version of KRS 530.020.[6] If the jury's conviction was based upon acts that occurred on or after Patty's twelfth birthday (July 20, 2009) it could only convict Appellant of Class B felony incest.[7] Only if the conviction was for a time after KRS 530.020 was amended (post July 12, 2006), but before Patty's twelfth birthday, would the event have constituted Class A felony incest.

Keep in mind, Appellant's indictment charged him with a single act of Class A felony incest with Patty between the dates of July, 2005 and June, 2010. Thus, due to error in the jury instruction, it is uncertain whether the jury convicted Appellant for acts occurring before the amendment of the statute, after its amendment but before Patty turned twelve, or one could argue, after Patty turned twelve. Thus, it cannot be said that the jury's verdict was unanimous. *See also Turner v. Commonwealth,* 345 S.W.3d 844, 848 (Ky.2011) (construing KRS 510.110(1)(d), which was amended on July 15, 2008) ("Since it is not likely, much less certain, in punishing sexual abuse by Appellant between 2005 and 2008, that the jury was specifically addressing such conduct occurring at the end of July 2008, the conviction was erroneous.").

We do note that not "every error in jury instructions rises to the level of palpable error." *Miller v. Commonwealth,* 283 S.W.3d 690, 696 (Ky.2009). However, it is well settled that "[a] defendant cannot be convicted of a criminal offense except by a unanimous verdict. Ky. Const. § 7, as interpreted in *Cannon v. Commonwealth,* 291 Ky. 50, 163 S.W.2d 15 (1942); RCr 9.82(1)." *Miller v. Commonwealth,* 77 S.W.3d 566, 573–574 (Ky.2002). Here, the instructions inhibit a unanimous verdict finding by failing to sufficiently define the date of the crime and thus, the crime charged. For this reason, we find that the court's error resulted in a manifest injustice. *See Miller,* 283 S.W.3d at 696 (finding manifest injustice where the court's instructions deprived the defendant of a

---

4. The jury indicated that it believed that sentencing was the trial court's responsibility.

5. We also note the determination of Patty's age did not require the finding to be beyond a reasonable doubt.

6. As previously noted, the prior version of KRS 530.020 (pre July 12, 2006), dissimilar to the statute under which Appellant was indict-

ed, defined the crime of incest as a Class C felony and did not designate age as an element of the crime. *See Raines v. Commonwealth,* 379 S.W.3d 152, 154 (Ky.App.2012).

7. "Incest is a Class B felony if committed ... [o]n a victim who is ... [l]ess than eighteen (18) years of age [but twelve years of age or older]...." KRS 530.020(2)(b)(2)(a)

unanimous verdict). As a result, we reverse Appellant's conviction and sentence.

## C. Jury Instructions on Retrial

 As to the instructions to be utilized on retrial, we note that "[a] court generally is required to instruct a jury on all offenses that are supported by the evidence." *Commonwealth v. Swift,* 237 S.W.3d 193, 195 (Ky.2007). Further, the trial court must instruct the jury on lesser included offenses "if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense." *Houston v. Commonwealth,* 975 S.W.2d 925, 929 (Ky.1998).

Appellant was indicted on one count only for acts that occurred "on or between July 2005 and June 2010" and the evidence at trial supported the indictment. Here, there was evidence that Appellant committed the sexual acts on Patty when she was under the age of twelve and after the date in which the amended version of KRS 530.020 came into effect (from July 12, 2006 to July 19, 2009). Thus, the jury should have been instructed on Class A felony incest. Further, an instruction on the lesser included offense of Class B felony incest should have been included, as there was evidence that Appellant committed the prohibited conduct on Patty after she turned twelve (from July 20, 2009 until June of 2010). Finally, the jury should have been instructed on the lesser included offense of Class C felony incest, as there was evidence that Appellant engaged in the proscribed conduct with Patty before KRS 530.020's amendments went into effect (from July of 2005 until July 11, 2006).

8. This "exact same act" language is required to avoid the unanimity questions involved in multiple act, single count cases such as those present in *Amanda Johnson v. Commonwealth,* 2011–SC–000365–MR, 2013 WL

On retrial, the trial court may utilize the following instructions, along with other appropriate instructions:

Instruction No. ____

You will find the Defendant guilty of incest under this Instruction if, and only if, all of you believe from the evidence beyond a reasonable doubt (1) that the Defendant engaged in the exact same act of sexual intercourse [8] and (2) all of the following:

A. That in this county on or between July 12, 2006 and July 19, 2009 and before the finding of the Indictment herein, he engaged in sexual intercourse with [Patty];

B. That [Patty] was his daughter;

C. That he knew [Patty] was his daughter; and

D. That [Patty] was under the age of 12 at the time of the offense.

Instruction No. ____

If you do not find the defendant guilty under Instruction number ____, you will find the Defendant guilty of incest under this Instruction if, and only if, all of you believe from the evidence beyond a reasonable doubt (1) that the Defendant engaged in the exact same act of sexual intercourse and (2) all of the following:

A. That in this county on or between July 20, 2009 and June, 2010 and before the finding of the Indictment herein, he engaged in sexual intercourse with [Patty];

B. That [Patty] was his daughter;

1776932 (Ky.2013), and *Troy Kingrey v. Commonwealth,* 2010–SC–000784–MR, 2013 WL 1776807 (Ky.2013) (both rendered on the same date as this opinion).

C. That he knew [Patty] was his daughter; and

D. That [Patty] was over the age of twelve but under the age of 18 at the time of the offense.

Instruction No. _____

If you do not find the defendant guilty under instruction number _____ or instruction number _____, you will find the Defendant guilty of incest under this Instruction if, and only if, all of you believe from the evidence beyond a reasonable doubt (1) that the Defendant engaged in the exact same act of sexual intercourse and (2) all of the following:

A. That in this county on or between July 2005 and July 11, 2006, and before the finding of the Indictment herein, he engaged in sexual intercourse with [Patty];

B. That [Patty] was his daughter; and

C. That he knew [Patty] was his daughter.

**D. Double Jeopardy**

■ Appellant also asserts that retrial is barred by the Fifth Amendment's Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides that no "person shall be subject for the same offense to be twice put in jeopardy." [9] Generally, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States,*

355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). We note, however that "as a general rule, retrial after reversal of a conviction is not barred by double jeopardy principles." *Couch v. Maricle,* 998 S.W.2d 469, 471 (Ky.1999) (*citing McGinnis v. Wine,* 959 S.W.2d 437, 438 (1998)).[10] There are two exceptions to this general rule, both of which Appellant asserts are applicable. We disagree.

■ First, Appellant argues that because there was insufficient evidence of Patty's age to support his conviction for Class A felony incest, the Double Jeopardy Clause prevents his retrial. The prohibition against double jeopardy does indeed bar retrial " 'once the reviewing court has found the evidence legally insufficient' to support the conviction." *McGinnis,* 959 S.W.2d at 438 (*quoting Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)). However, we have held that there was sufficient evidence of Patty's age to support the jury's conviction. *See* Section II.A. The actual finding of such age may have been instructionally deficient, but such an error does not raise double jeopardy issues. Thus, Appellant's argument is without merit.

Second, Appellant asserts that his retrial is in violation of the Double Jeopardy Clause because his conviction for "incest regardless of age" acted as an implicit acquittal for Class A felony incest. As we discussed above, the instruction the trial court provided to the jury for the guilt phase of Appellant's trial did fail to require the jury to determine Appellant's age at

9. The Double Jeopardy Clause of the Fifth Amendment was made applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 789, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

10. *See also Lockhart v. Nelson,* 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) ("It has long been settled ... that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.").

the time of the offense, however, such age was found prior to his final conviction even though it was erroneously done as part of the sentencing phase. Thus, Appellant assumes because he was initially found guilty of Class C felony incest elements, he cannot now be retried for Class A felony incest. Again, we disagree with Appellant.

■ Appellant is correct that "if [a] conviction of [a] lesser-included offense is reversed on appeal, the defendant cannot be retried upon any other higher degrees of the offense." *Smith v. Commonwealth*, 737 S.W.2d 683, 688 (Ky.1987) (*citing Green*, 355 U.S. at 184, 78 S.Ct. 221). This is so because the conviction for a lesser included offense operates as an "implied acquittal" on the greater offense. (*See Green*, 355 U.S. at 190–91, 78 S.Ct. 221) (holding that the defendant's conviction for second degree murder barred his retrial for first degree murder because the jury's verdict convicting the defendant of second degree murder operated as an implicit acquittal for first degree murder).

Here, however, Appellant was not implicitly acquitted for Class A felony incest. The instruction the jury utilized to convict Appellant of Class A felony incest erroneously failed to include age as an element of Class A felony incest during the guilt phase. However, the jury, in its penalty phase determinations, did in fact determine that Patty was under the age of twelve at the time of the offense; albeit, they did not make this determination beyond a reasonable doubt.

Therefore, although the jury failed to convict Appellant of Class A felony incest beyond a reasonable doubt, it did, in fact, find that Appellant committed Class A felony incest. Our determination here "implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which

is. defective in some fundamental respect e.g., ... incorrect instructions...." *Hobbs v. Commonwealth*, 655 S.W.2d 472, 474 (Ky.1983) (internal citations omitted and emphasis removed). Indeed, "[i]t would be a high price ... for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *United States v. Tateo*, 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

■ We also note that the manner in which we bifurcate criminal proceedings played a role in this alleged error. In the past, the guilt and sentencing phases of a criminal trial were combined. If that were still the case, the reasonable doubt instruction would have been included in the instructions; thus, we could have definitively stated that the jury had found that Patty was under the age of twelve at the time the offense beyond a reasonable doubt. However, criminal proceedings are now bifurcated and juries no longer receive a "beyond a reasonable doubt" instruction during the sentencing phase; rather, such an instruction is now reserved for guilt phase determinations. This being the case, all elements constituting a criminal offense should be instructed in the guilt phase—not the sentencing phase. This, of course, was the error here. Yet, as reversible error, in the sense it occurred, it did not raise the bar of double jeopardy.

In conclusion, the jury's conviction of Appellant did not operate as an implied acquittal for Class A felony incest. As a result, we hold that Appellant's retrial for Class A felony incest is not proscribed by the Fifth Amendment's Double Jeopardy Clause.

### III. CONCLUSION

For the foregoing reasons, we reverse Appellant's conviction and sentence for

Class A felony incest and remand this matter to the Christian Circuit Court for further proceedings consistent with this opinion.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. MINTON, C.J., ABRAMSON, NOBLE, and VENTERS, JJ., concur. CUNNINGHAM, J., concurs in part and dissents in part by separate opinion. KELLER, J., not sitting.

CUNNINGHAM, J., concurring in part and dissenting in part.

I agree in part with the majority and disagree in part. With utmost respect for the majority's opinion, it seems to complicate what I think is a fairly simple resolution.

I begin by disagreeing with the holding that "the instructions permitted the jury to convict Appellant of Class A felony incest for events that occurred 'between July 2005 and June 2010.'"

It was impossible for the Appellant to have been convicted of a Class A felony because there was a critical missing element in the instruction. Under the instruction, the jury was not required to find that the victim was under the age of twelve. The instruction did not mention any age. The instruction the jury was given was only for a Class C felony, for which age is irrelevant.

There was ample evidence presented by the victim concerning numerous acts of incest over a period of some five years. This time frame covered a period when she would have been under the age of twelve. It also is a time frame over which the majority is fretting because it is not known if the Class A felony incest statute was in effect for that period of time. It makes no difference. The jury did not find the Appellant guilty of the Class A felony. The unanimous jury found the Appellant guilty of one count of a Class C felony, which covered Palpable error occurred when the trial court allowed the jury to transform a Class C felony (which carries 5 to 10 years) into a Class A felony (which carries 20 years to life) during the sentencing phase of the trial. The Appellant cannot be given a 30–year sentence for a Class C felony. That was exactly what was done.

I agree with the Appellant that a retrial of the indictment is barred by the Fifth Amendment's double jeopardy clause. The Commonwealth has lumped all of the Appellant's alleged incest offenses into one charge, including criminal acts which may have been committed by him when the victim was under the age of twelve. The jury has tried the Appellant on all pending criminal acts and has found him guilty of one count of Class C felony incest. The criminal prosecution for those crimes is over.

Therefore, I vote to reverse the 30–year sentence and remand the case to the trial court for a new sentencing trial for the conviction of a Class C felony. To me, the case is as simple as that.