# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 18, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2018-SC-000400-MR

DATE 5/9/19 Kim Redman, DC

EARL TIPTON                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              2018-CA-000016-MR
POWELL CIRCUIT COURT NOS. 94-CR-00003 AND 95-CR-00012

HON. LARRY MILLER, JUDGE,                 APPELLEE
POWELL CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY          REAL PARTY IN INTEREST

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Earl Tipton appeals *pro se* as a matter of right from the Court of Appeals' order denying his petition for a writ of mandamus. Because a writ of mandamus is not justified, we affirm the Court of Appeals' denial of Tipton's petition.

### FACTS AND PROCEDURAL HISTORY

On May 2, 1993, Earl Tipton kidnapped a woman from a convenience store in Clay City, Kentucky, then raped and sodomized her. Following a jury trial, Tipton was found guilty of kidnapping, first-degree sodomy, and three counts of first-degree rape. He was sentenced to twenty years in prison.

Tipton appealed as a matter of right to this Court, raising issues regarding the qualification of an expert witness and his attorney's ability to conduct a meaningful voir dire examination. On November 19, 1998, this Court rendered an opinion affirming Tipton's conviction, but reversing the portion of the judgment imposing the penalty, holding that Tipton's counsel should have been permitted to discuss the full range of penalties during voir dire. The case was remanded to the trial court for a new sentencing hearing.

The penalty phase was retried on April 11, 2000. The jury was provided an agreed summary of the guilt phases and the attorneys read the original closing arguments. The jury returned a verdict recommending twenty-year sentences on each count to run consecutively for a total sentence of one-hundred years. Tipton appealed to this Court again, arguing that the trial court should have excused three jurors for cause and should have applied Kentucky Revised Statute (KRS) 532.110(1)(c) retroactively to limit his aggregate sentence to seventy years. In an opinion rendered November 21, 2002, this Court affirmed, noting that "[Tipton] is unlikely to serve out his term, whether it be seventy years or one hundred years," and his parole eligibility remained the same.

In 2003 Tipton filed a motion to vacate his sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42, arguing that his attorneys were ineffective and requesting an evidentiary hearing. The trial court denied Tipton's motion and he appealed to the Court of Appeals. In that appeal, Tipton continued to argue that his representation was ineffective, specifically

2

raising issues concerning expert testimony, jury selection, instructions, and the sufficiency of evidence. The Court of Appeals held that Tipton's representation was not deficient and that some of the issues raised by Tipton in his RCr 11.42 appeal should have been raised in his direct appeals, not in a collateral attack.[1]

Tipton filed a petition for writ of mandamus in the Court of Appeals on January 23, 2018, arguing that his criminal conduct in this case was used to support the charges for all five counts in violation of the Double Jeopardy Clause of the Fifth Amendment. U.S. CONST. amend. V. More specifically, Tipton argues that there could be no kidnapping charge without the rape charge, and since there was only one victim and one rape offense, his right to be free from double jeopardy was violated by the multiple charges for the same act. In response, the Commonwealth stated that Tipton sought to raise issues which he could have raised in his direct appeal, RCr 11.42 motion and appeal, or Kentucky Civil Rule of Procedure (CR) 60.02 motion and appeal. The Court of Appeals denied his petition, holding that Tipton is not entitled to relief by means of a writ. This appeal followed.

---

[1] The record suggests that Tipton also filed a CR 60.02 appeal in the Court of Appeals (2008-CA-002131-MR). The Commonwealth, in its response to Tipton's petition for writ of mandamus, notes that Tipton initiated a CR 60.02 appeal and the Court of Appeals' order denying his petition acknowledges the same. Due to the limited record in this appeal, we cannot find any information regarding what Tipton argued or the Court of Appeals' disposition in that CR 60.02 appeal.

## ANALYSIS

Tipton argues that the Court of Appeals erred in denying his petition for a writ of mandamus. A writ of mandamus is an "extraordinary remedy which compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law." *City of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky. 2002). "[C]ourts of this Commonwealth are — and should be — loath to grant the extraordinary writs unless absolutely necessary." *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008).

This Court held that a writ may be granted:

> *only upon* a showing that: 1) the lower court is proceeding or is about to proceed *outside its jurisdiction* and there is *no adequate remedy by appeal*, or 2) the lower court is about to act incorrectly, although *within its jurisdiction*, and there exists *no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.*

*Hoskins v. Maricle*, 150 S.W.3d 1, 6 (Ky. 2004) (quoting *Southeastern United Medigroup, Inc. v. Hughes*, 952 S.W.2d 195, 199 (Ky. 1997)). In this case, there is no doubt that the trial court had jurisdiction, making the second class of writs the only viable option for Tipton. We review the decision of the Court of Appeals to deny the writ under an abuse of discretion standard. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004).

Tipton argues that the rape charge was used as a basis for the kidnapping charge, asserting that the two crimes involve the same elements and therefore he could not be charged with any subsequent counts of rape. Additionally, he argues that the rape charge merged into the kidnapping

4

charge. Tipton frames this argument as a double jeopardy argument, stating that there is an overlap between the elements of first-degree rape and kidnapping. While Tipton is correct in asserting that "the right of appeal is not an adequate remedy against double jeopardy," *Klee v. Lair*, 621 S.W.2d 892, 893 (Ky. 1981), his argument is improperly characterized as a double jeopardy argument. The elements of kidnapping and first-degree rape do not overlap. KRS 510.040; KRS 509.040.

Moreover, a writ of mandamus may not be used as a substitute for appeal or to circumvent normal appellate procedure. *Nat'l Gypsum Co. v. Corns*, 736 S.W.2d 325 (Ky. 1987); *Merrick v. Smith*, 347 S.W.2d 537 (Ky. 1961). Tipton has had two previous appeals to this Court. He is now raising substantive issues which he had an adequate opportunity to raise in those direct appeals, or in his RCr 11.42 appeal to the Court of Appeals. Further, his current argument does not present grounds supporting the extraordinary relief of a writ of mandamus. The Court of Appeals did not err in denying a writ.

## CONCLUSION

Tipton has failed to meet the criteria for the issuance of a writ of mandamus. Accordingly, the order of the Court of Appeals denying a writ is affirmed.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter, and Wright, JJ., sitting. All concur. Buckingham, J., not sitting.

5

COUNSEL FOR APPELLANT:

Earl David Tipton, *pro se*

COUNSEL FOR REAL PARTY IN INTEREST,
COMMONWEALTH OF KENTUCKY:

Andy Beshear
Attorney General of Kentucky

Todd Dryden Ferguson
Assistant Attorney General
Office of Criminal Appeals